**In the Interest of Frieda RIEDEL.**

**Civ. No. 10776.**

Supreme Court of North Dakota.

Aug. 22, 1984.

Daniel E. Buchanan, Jamestown, attorney for petitioner R.A. Aligada; argued by Daniel E. Buchanan, Jamestown.

Hjellum, Weiss, Nerison, Jukkala, Wright & Paulson, Jamestown, for respondent Riedel; argued by Cecelia Ann Wikenheiser, Jamestown.

PEDERSON, Justice.

This is an expedited appeal (and an expedited opinion) pursuant to commitment procedures (Chapter 25–03.1, NDCC), from a continuing treatment order requiring that Riedel be continued in hospitalization and treatment for mental illness for an indefinite period or until further order of the court. The matter is remanded for preparation of findings. Jurisdiction is not retained as authorized by Rule 35(b), NDRAppP.

Riedel, having been twice before committed, was committed for hospitalization and treatment at the North Dakota State Hospital on a 90-day order from the Williams County Court (§ 25–03.1–22(1), NDCC). More than 14 days prior to the expiration of the 90 days, the superintendent of the State Hospital petitioned the Stutsman County Court for an order of continuing treatment (§§ 25–03.1–21 and 25–03.1–22(2), NDCC).

The petition alleged that: (1) Riedel is mentally ill; (2) alternative treatment is not in Riedel's best interest; (3) Riedel continues to be agitated, physically aggressive and demanding; (4) Riedel's condition has not improved; and (5) Riedel's treatment program consists of "Neuroleptic medication—Navane, Dilantin 300 mg BID for her epilepsy; ward milieu; thyroid replacement therapy." The petition also included a clinical estimate that indefinite further treatment was required. The certificate of Dr. Fe Cabuso, a licensed physician-psychiatrist, in support of the petition was attached (§ 25–03.1–23, NDCC).

An independent expert examiner, Dr. Richard J. Moser, clinical psychologist, was appointed by the court as authorized and required by § 25–03.1–19, NDCC. After examining Riedel, Dr. Moser filed a report with the court that included Dr. Moser's opinion that Riedel is a mentally ill person in need of hospitalization and treatment. The report indicated that a serious risk and substantial likelihood existed that Riedel would harm herself, others, or property and that alternative treatment is not in Riedel's best interest.

A hearing was held at which only testimony from Dr. Cabuso and Frieda Riedel was received. Dr. Cabuso described her contacts with and examination of Riedel and stated her opinion that Riedel is suffering from a mental illness known as "organic personality syndrome." Dr. Cabuso expressed her view that hospitalization is required to prevent injury to Riedel and others, and that alternative treatment is not, at this time, indicated.

Riedel, on the other hand, stated that she "is not that kind of a person" and "is not mentally ill." She very soon refused to be guided by counsel in her remarks, demonstrating a minimal self-control, and provoked an abrupt termination of the hearing.

The court did not prepare and label "findings of fact" (Rule 52(a), NDRCivP) but, using a preprinted form, determined that Riedel is a mentally ill person requiring hospitalization and further treatment and, accordingly, ordered continuation thereof at the State Hospital for an indefinite period or until further order of the court.

The concluding paragraph of § 25–03.1–19, NDCC provides:

"If, upon completion of the hearing, the court *finds* that the petition has not been sustained by *clear and convincing evidence*, it shall deny the petition, terminate the proceeding, and order that the respondent be discharged if he has been

hospitalized prior to the hearing." [Emphasis added.]

Section 25–03.1–29, NDCC, relating to the appeal to this court from orders of involuntary commitment, including continuing treatment orders, describes the scope of review as follows:

"The hearing [in the Supreme Court] shall be limited to a review of the procedures, *findings*, and conclusions of the lower court." [Emphasis added.]

■ It is obvious that this court must have "findings" to review if we are to fulfill the requirements of this statute. The fact that § 25–03.1–19, NDCC requires that the petition be denied unless it is sustained by "clear and convincing" evidence, does not abolish the requirement that "findings" be prepared.

Recently, in *Estate of Bendickson*, 353 N.W.2d 320 (N.D.1984), we stated:

"In an ordinary case tried to the court without a jury we review findings of fact under the standard specified in Rule 52(a), NDRCivP. Since the above quoted statutes [§§ 30.1–31–04(1) and 30.1–31–04(3)(b), NDCC] require 'clear and convincing' evidence to overcome the statutorily expressed presumption, Rule 52(a) has a very limited application in the instant case. Where the judging of credibility of witnesses is involved, we still acknowledge the advantage of the trial judge. See *Zundel v. Zundel*, 278 N.W.2d 123, 130 (N.D.1979). And, as we have often said, findings which are induced by an erroneous view of the applicable law are clearly erroneous, *e.g.*, *Winter v. Winter*, 338 N.W.2d 819, 822 (N.D.1983)."

The State Hospital argues that the type of review in civil commitment cases in the Supreme Court is analogous to that done in juvenile cases—that is "akin to de novo review," and that, accordingly, "findings made by the trial court (or even the absence of findings) lose significance in that review process."

The statute (§ 27–20–29, NDCC) applicable to juvenile court matters provides in subsection (2) for "proof beyond a reasonable doubt" and in subsection (3) for "clear and convincing evidence." This court has not relied in juvenile court cases upon these provisions in describing the scope of Supreme Court review as "in the nature of trial de novo." Rather, a provision in § 27–20–56(1), NDCC has been the basis of our statement.

District Judge O'Keefe, sitting as a member of this court, authored a unanimous opinion by this court, *In Re A.N.*, 201 N.W.2d 118 (N.D.1972), and quoted from § 27–20–56(1), NDCC:

"The appeal shall be heard by the supreme court upon the files, records, and minutes or transcript of the evidence of the juvenile court, giving appreciable weight to the findings of the juvenile court."

Judge O'Keefe then concluded that because § 27–20–56(1), NDCC was in conflict with Rule 52(a), NDRCivP, the Legislature, which had abolished trial de novo on appeal by the repeal of § 28–27–32, NDCC, had provided for a return "to old ways" for juvenile court cases. See also *In Re J.Z.*, 190 N.W.2d 27, 29 (N.D.1971) and *In Re Walter*, 172 N.W.2d 603, 604 (N.D.1969).

There is no authority granted to the Supreme Court in Chapter 25–03.1, NDCC, as in Chapter 27–20, NDCC, to hear the appeal "upon the files, records, and minutes" of the trial court, nor anything similar thereto. The scope of the Supreme Court review is explicitly restricted by the language, "The hearing shall be limited to a review of the procedures, findings, and conclusions of the lower court."

By Rule 2.1(c), NDRAppP: "The record on appeal shall consist of the record required by Rule 10(a). A tape recording of the proceedings or an agreed statement of the case may substitute for the transcript."

■ We conclude that a trial de novo type review is not authorized in the Supreme Court review of Chapter 25–03.1 orders. We conclude, however, that the basis of the trial court's determination must be reflected in findings of fact as we have

oftentimes said in cases in which Rule 52(a), NDRCivP is entirely applicable.

■ The extent of our review of those findings depends on the type of evidence required to sustain a position taken in the trial court and on the degree of deference required to be accorded to the trial court's evaluation of the credibility of witnesses.

■ Rule 52(a), NDRCivP requires that trial courts "find the facts specially" in *every* "action tried upon the facts without a jury." Section 25–03.1–20, NDCC requires that findings be "entered in the record" in involuntary mental health treatment cases. We accept the view that a significant purpose to be served by findings of fact in any type of case is to disclose with specificity the factual basis for the conclusion, in order that there be a clear understanding thereof by the parties and by this court. *Hust v. Hust,* 295 N.W.2d 316, 321 (N.D. 1980); *DeForest v. DeForest,* 228 N.W.2d 919, 924 (N.D.1975); *Ellendale Farmers Union Cooperative Ass'n v. Davis,* 219 N.W.2d 829, 836 (N.D.1974); 9 Wright & Miller, Federal Practice and Procedure, Civil, § 2582 at 722.

■ We have criticized the practice of using preprinted forms that do not fulfill the requirements of the statutes and due process of law. See *In Interest of Gust,* 345 N.W.2d 42, 46 (N.D.1984), and cases cited therein. We do not intend to prohibit the use of forms if appropriately supplemented with specific facts on the face of the form or otherwise. It is difficult to visualize how forms alone can be used for findings of fact other than as a checklist or guide to determine whether or not all necessary findings have been made.

In the instant case, where substantially all of the evidence, except Riedel's own opinion, supports the order requiring continued hospitalization and treatment, findings of fact which disclose "clear and convincing" supporting evidence should not be an insurmountable task.

Even though the trial court is not required to make a credibility determination because the basic evidence is not disputed, the trial court nevertheless is required to "find" the facts which will justify the legal conclusion of either commitment, alternative treatment, or no treatment.

The other issues argued by Riedel, under the circumstances, are not dispositive of this case or of significant future issues in this case and will not be commented upon.

The case is remanded with instructions that findings of fact on all issues, including those identified in § 25–03.1–02(10) and (11), NDCC, be prepared forthwith. See discussion in *In Interest of Rambousek,* 331 N.W.2d 548, 551–552 (N.D.1983).

ERICKSTAD, C.J., VANDE WALLE and SAND, JJ., and WALLACE D. BERNING, District Judge, concur.

GIERKE, J., disqualified; BERNING, D.J., sitting in his stead.