Mark Palmer appeals from an order of the Stutsman County court requiring his hospitalization and treatment at the North Dakota State Hospital for a period of ninety days.
An involuntary petition for commitment under North Dakota Century Code Ch. 25-03.1 was filed in response to an assault by Mr. Palmer on his wife. The Ward County court held the preliminary hearing and issued a temporary treatment order by virtue of which Mr. Palmer was hospitalized on January 4, 1985 at the North Dakota State Hospital.
On January 16, 1985 a treatment hearing was held in Stutsman County court to determine whether further hospitalization and treatment were necessary. Following the hearing the Stutsman County court issued its order, accompanied by findings of fact and conclusions of law. The trial court determined that Mr. Palmer suffers from a serious mental disorder resulting in substantial impairment to his capacity to use self-control, judgment and discretion, and creating a substantial likelihood of his inflicting serious bodily injury on another person as manifested by his prior acts. The trial court ordered Mr. Palmer's commitment to the North Dakota State Hospital for a period not to exceed ninety days for treatment concluding that alternate treatment was not appropriate at this time.
The issue on appeal is whether the trial court erred in refusing to order the alternative outpatient treatment requested by Mr. Palmer.
Mr. Palmer contends that the State failed to establish by clear and convincing evidence that his plans to attend counseling sessions in Minot would be insufficient to meet his needs and to prevent his doing harm to others.
A patient has a right to the least restrictive conditions necessary for effective treatment. NDCC 25-0.3.1-40(2). Under §25-03.1-21 the trial court must review a report (which in this case tracked the hearing testimony in all important respects) assessing the availability and appropriateness of treatment programs other than hospitalization. In applying this section the trial court must make a twofold inquiry: (1) whether or not a treatment program other than hospitalization is adequate to meet an individual's treatment needs, and (2) whether or not an alternative treatment program is sufficient to prevent harm or injuries which an individual may inflict upon himself or others.In Interest of Daugherty, 332 N.W.2d 217, 221 (N.D. 1983). In making its decision the trial court must determine by clear and convincing evidence that alternative treatment is not adequate and sufficient to prevent harm or injuries which an individual may inflict upon himself or others. Id.
At the hearing on January 16, Mr. Palmer's treating psychiatrist and psychologist both testified as to the nature of Mr. Palmer's mental illness, its volatile and explosive characteristics evoking behavior that is aggressive, uncontrollable and unpredictable. They concluded Mr. Palmer was dangerous to himself and others and likely to commit further acts of violence. They advised further neurologic evaluation to determine whether the illness was organic or functional, to be followed by treatment in the State Hospital consisting of counseling, individual and group therapy and medication if the personality disorder were determined to be psychological in origin.
Although both doctors speculated that treatment might be available outside the hospital if a trained team of two psychiatrists, two psychologists, one psychiatric nurse and one social worker could be assembled, any such outpatient treatment would be "problematic" and "very risky." There was concern over Mr. Palmer's complying with any outpatient treatment program. Mr. Palmer asserted on direct examination by his attorney that he would be reluctant to undergo the recommended neurologic treatment if it necessitated his absence from school. The expert voiced further *Page 403 
concern that Mr. Palmer would have access to his wife, the "stressor" which could provoke yet another episode which would be detrimental to any treatment plan.
The evidence was clear and convincing that any treatment outside of the hospital setting is not appropriate for Mr. Palmer at this time and would not be adequate to meet his treatment needs or to prevent harm to others.
Mr. Palmer also contends that the trial court's determination that alternate treatment was inappropriate is erroneous because the trial judge failed to make specific findings of fact regarding alternative treatment.
This case differs in one significant respect from both In reDaugherty, supra, and In re Riedel, 353 N.W.2d 773 (N.D. 1984). In the present case, the trial court did compose findings of fact rather than use the preprinted form that this Court criticized in Daugherty and Riedel. Having said that, we note that many of these findings are simply restatements of testimony and of no real assistance in explaining the underlying basis upon which the trial court found that alternative treatment was inappropriate. However, some of the findings do provide, because of the nature of Mr. Palmer's illness, a bare minimum of foundation for the trial court's ultimate finding that alternative treatment is not appropriate:
 "3. That the respondent has committed assaults on his wife prior to hospitalization, which caused her bodily harm."
 "6. That as a result of testing and interviewing the respondent, Dr. Arevalo reached the opinion that the respondent suffers from a mental illness described as intermittent explosive disorder."
 "9. That as a result of testing and interviewing the respondent, Dr. Simmon reached the opinion that the respondent suffers from a personality disorder of an explosive nature."
 "12. That the respondent admits that he has been a wife batterer, but that he has taken treatment for it and has controlled that behavior better in the recent past."
Perhaps the most pertinent finding is the conclusory paragraph of the court, not designated as a finding at all:[1]
 "NOW THEREFORE, the Court concludes that the respondent suffered from a serious mental disorder which substantially impairs his capacity to use self-control, judgment and discretion, and that there is a substantial likelihood of his inflicting serious bodily harm on another person, as manifested by his prior acts." [Emphasis ours.]
Because the very essence of Mr. Palmer's particular disorder is its explosive, aggressive and unpredictable character, we conclude that the findings of fact, sparse as they are, minimally support the finding that alternative care was insufficient to meet Mr. Palmer's treatment needs and to prevent harm. We emphasize however, that it is imperative for trial courts to set forth findings of fact that clearly support and explain both the determinations that (1) there is or is not in fact alternative treatment sufficient to meet a respondent's needs and (2) there is or is not in fact alternative treatment sufficient to prevent harm. These findings of fact are critical not merely for purposes of our review, but also, and of far more significance, to ensure that the basis for the trial court's decision is clearly articulated thereby demonstrating that the careful and serious consideration so clearly warranted in the context of an involuntary commitment proceeding has indeed been given.
We recognize Mr. Palmer's discomfiture over his present inability to continue with his schooling and other activities. We are *Page 404 
mindful of the dramatic intrusion effected by his involuntary commitment. The present proceeding, however, is a mechanism to assist in the resolution of disabling problems, which left unattended, might otherwise lead to permanent, not temporary, disruptions in life goals and plans.
We conclude that the trial court's finding that alternative treatment was inappropriate, was supported by its findings of fact which were supported by clear and convincing evidence. The order of the county court is therefore affirmed.
ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.
[1] We recognize and consider findings of fact regardless of the label that may be placed upon them. Matter of Estate ofMehus, 278 N.W.2d 625 (N.D. 1979). *Page 548