**In the Interest of Steven CUYPERS.**

**Rolf STORSTEEN, Director of South Central Human Services, Petitioner and Appellee,**

v.

**Steven CUYPERS, Respondent and Appellant.**

**Civ. No. 11275.**

Supreme Court of North Dakota.

July 16, 1986.

John J. Fox, Sp. Asst. Atty. Gen., Jamestown, for petitioner and appellee.

Hjellum, Weiss, Nerison, Jukkala, Wright & Paulson, Jamestown, for respondent and appellant; argued by Thomas E. Merrick.

LEVINE, Justice.

Steven Cuypers appeals from a county court order transferring him from outpatient treatment at South Central Human Services to inpatient treatment at the State Hospital. We affirm.

In early 1985 Cuypers was involuntarily committed to the State Hospital upon a finding by the Stutsman County Court that he suffered from a mental disorder which substantially impaired his capacity of self-control, judgment and discretion, raising a substantial likelihood that he was a danger to himself. Six months later the court ordered Cuypers to undergo continuing treatment for an indefinite period, but on an outpatient basis at South Central Human Services. Cuypers was then released from the State Hospital.

Cuypers failed to appear for treatment at South Central Human Services and by court order was rehospitalized. Nine months later, on April 24, 1986, Cuypers was transferred from the State Hospital to South Central Human Services for outpatient treatment. Because Cuypers again failed to appear for his intake appointment the director of South Central Human Services instituted proceedings to transfer Cuypers back to the State Hospital. Following a hearing held pursuant to North Dakota Century Code § 25–03.1–34,[1] the court transferred Cuypers back to the State Hospital and Cuypers filed an expedited appeal from the transfer order.

Cuypers contends that because he is entitled to the least restrictive treatment consistent with his needs, NDCC § 25–03.1–40(2), that before he could be transferred from outpatient treatment to the State Hospital, the party attempting the transfer, here the director of South Central Human Services, must prove by clear and convincing evidence that hospitalization is the least restrictive treatment. We agree.

Because Cuypers was transferred from the relative freedom of outpatient treatment to the more restrictive environment of the State Hospital, there was a correlative deprivation of his freedom. Insofar as it imposed a serious constraint on Cuypers' freedom, the transfer was analagous in its effect to an involuntary commitment to the State Hospital. NDCC § 25–03.1–19. However, while involuntary commitment procedures require the petitioner to prove

---

1. NDCC § 25–03.1–34 reads in pertinent part:
    "1. The ... director of a treatment facility may transfer ... an involuntary patient from one hospital to another hospital or facility if the ... director determines that it would be consistent with the medical needs of their patient to do so...."

    . . . . .
    "3. ... The patient shall be given an opportunity to protest the transfer and to receive a hearing on the merits of his protest...."

by clear and convincing evidence that the respondent requires hospitalization, § 25–03.1–34 does not similarly address the burden or level of proof required to effect a transfer.

■ Nevertheless, upon considering § 25–03.1–34 in light of the Legislature's specific intent to safeguard individual rights in commitment procedures, NDCC § 25–03.1–01(2), the patient's right to the least restrictive treatment, to be treated with dignity and respect, to be free from unnecessary restraint, and to be accorded all civil rights, NDCC § 25–03.1–40, it is reasonable to infer that the Legislature intended, consistent with NDCC § 25–03.1–19, that when a patient is transferred from outpatient treatment to the State Hospital, the party attempting the transfer must prove by clear and convincing evidence that hospitalization is the least restrictive treatment. *See* NDCC § 25–03.1–21; *In Interest of Palmer*, 363 N.W.2d 401 (N.D.1985). We believe this interpretation of NDCC § 25–03.1–34 is reasonable, consistent with legislative intent, and furthers the policy goals and objectives of NDCC Ch. 25–03.1. *See Heartview Foundation v. Glaser*, 361 N.W.2d 232 (N.D.1985).

Having delineated the burden and quantum of proof required in transfer hearings, we turn to Cuypers' contention that there was insufficient evidence, *i.e.*, an absence of clear and convincing evidence, to establish that hospitalization was the least restrictive treatment.

The evidence is uncontested that hospitalization was the least restrictive treatment for Cuypers prior to his April 24, 1986, transfer to South Central Human Services and that he was transferred to outpatient status because at the time such treatment was deemed the least restrictive alternative to hospitalization. It is also undisputed that outpatient care proved inadequate to meet Cuypers' needs due to his failure to keep his intake appointment, a prerequisite to outpatient treatment; his subsequent unscheduled and disruptive appearance at the treatment center; and his history of noncompliance with outpatient care and of mental illness (over twenty prior commitments to the State Hospital).

■ Given the facts that hospitalization was the least restrictive treatment prior to Cuypers' transfer to outpatient treatment, but that outpatient care proved to be an inadequate alternative to hospitalization, it follows *a fortiori* that hospitalization was the least restrictive means adequate to meet Cuypers' treatment needs. Consequently, we conclude there was clear and convincing evidence that hospitalization was the least restrictive treatment consistent with Cuypers' medical needs.

■ Cuypers' final contention is that NDCC § 25–03.1–41 requires testimony by a physician, psychiatrist, or clinical psychologist before a patient may be transferred from an outpatient facility to the State Hospital. We do not agree. NDCC § 25–03.1–41 simply delineates the procedure by which a patient's treating physician, psychiatrist or clinical psychologist may, in exercising professional judgment, limit the patient's statutorily protected rights, NDCC § 25–03.1–40, in the patient's best interest. Cuypers' rights under NDCC § 25–03.1–40 were not limited or restricted by his transfer to the State Hospital and consequently NDCC § 25–03.1–41 has no application in this situation.

Accordingly, the order of the county court transferring Cuypers to the State Hospital is affirmed.

ERICKSTAD, C.J., and MESCHKE, GIERKE and VANDE WALLE, JJ., concur.