2001 ND 10

**In the Interest of J.S.**

**William Pryatel, M.D., Petitioner and Appellee,**

**v.**

**J.S., Respondent and Appellant.**

**No. 20000344.**

Supreme Court of North Dakota.

Jan. 30, 2001.

Charles J. Gilje and Kenneth L. Dalsted (argued), Special Assistant Attorneys General, Jamestown, ND, for petitioner and appellee.

Randall L. Hoffman, Jamestown, ND, for respondent and appellant.

SANDSTROM, Justice.

[¶ 1]   J.S. appeals from a district court order authorizing continued treatment at the State Hospital for one year.  We conclude, although the district court's order is supported by the trial testimony, insufficient findings appear in the record.  While retaining jurisdiction under Rule 35(b), N.D.R.App.P., we remand with instructions for expedited entry of findings.

## I

[¶ 2] This is J.S.'s sixth appeal to this Court from various mental health commitment or treatment orders. *See In the Interest of J.S.*, 1998 ND 92, 578 N.W.2d 91; *In the Interest of J.S.*, 545 N.W.2d 145 (N.D.1996); *In the Interest of J.S.*, 530 N.W.2d 331 (N.D.1995); *In the Interest of J.S.*, 528 N.W.2d 367 (N.D.1995); *In the Interest of J.S.*, 499 N.W.2d 604 (N.D. 1993). J.S. alleges the district court erred by ordering continuing treatment without sufficient findings of fact or consideration of alternative treatment.[1]

[¶ 3] J.S. has resided at the State Hospital since 1989, when he was admitted for the tenth time. He is a 64–year–old male who is diagnosed as schizophrenic with psychotic behavior and symptoms. A petition to continue J.S.'s treatment was filed in the district court. On November 30, 2000, the district court heard arguments and testimony on the petition. At the conclusion of the hearing, the district court issued an order continuing J.S.'s treatment at the State Hospital until November 30, 2001. Arguing the district court erred by ordering continued treatment without sufficient findings and by failing to consider alternative treatment, J.S. timely appealed, seeking expedited review in this Court. *See* N.D.C.C. § 25–03.1–29; N.D.R.App.P. 2.1(a) (allowing expedited review). The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 25–03.1–03. This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 25–03.1–29.

## II

■ [¶ 4] Our review of an appeal under N.D.C.C. ch. 25–03.1 is "limited to a review of the procedures, findings, and conclusions of the lower court." *In the Interest of J.S.*, 1998 ND 92, ¶ 13, 578 N.W.2d 91 (citing N.D.C.C. § 25–03.1–29). A "trial court's findings are 'subject to a

more probing "clearly erroneous" standard of review.'" *Id.* (citing *In Interest of K.J.L.*, 541 N.W.2d 698, 700 (N.D.1996)).

■ [¶ 5] J.S. argues the district court summarily agreed with expert testimony presented by Dr. William Pryatel, a medical doctor and psychiatrist, to find J.S. needed continuing treatment. J.S. argues the district court's findings do not support the conclusion that he is in need of continued treatment.

[¶ 6] Dr. Pryatel's report of examination indicated J.S. "has a history of assaultive and threatening behavior [and][h]e has no insight into his illness and uses poor judgment." The report further indicates J.S. cannot "be discharged or go to outpatient treatment as he will not take his meds." At trial, Dr. Pryatel testified J.S. is schizophrenic and diabetic and has high blood pressure. He testified J.S. currently receives weekly injections for his mental illness and is also given daily injections to control his diabetes. Dr. Pryatel testified that oral medication with fewer side effects could be given in place of J.S.'s weekly injection, but J.S. will not take the oral medication. He testified the goal is less restrictive treatment, but in light of J.S.'s repeated resistance to oral medication, less restrictive treatment is not possible.

■ [¶ 7] J.S. argues his last assault occurred more than one year ago. He also argues he has made significant behavioral improvements in over eleven years of hospitalization, and would voluntarily "take his medication in a structured setting." We have previously rejected the argument that a one-year interval since a violent episode is significant. *In the Interest of J.S.*, 545 N.W.2d 145, 148 (N.D.1996). Rather than the interval, district courts must consider whether the person is in need of continuing treatment. *Id.* The petitioner must prove by clear and convincing evidence that the person requires

---

1. In his brief, J.S. also argues the district court erred by not informing him of his right to appeal. At oral argument, counsel for J.S. conceded the argument·was moot because J.S. had timely appealed. We therefore do not address this issue.

treatment. *Id.* (citing N.D.C.C. § 25–03.1–31(1)).

[¶ 8] The district court found, by clear and convincing evidence, that J.S. was in need of treatment because he does not have insight into his psychiatric or diabetic illnesses. Therefore, the court continued treatment for one year with the option for State Hospital personnel to employ less restrictive treatment if possible.

[¶ 9] District courts are required to find facts that "will justify the legal conclusion of either commitment, alternative treatment, or no treatment." *In the Interest of Riedel,* 353 N.W.2d 773, 776 (N.D.1984). To continue treatment, the district court must find a patient is mentally ill or chemically dependent and "there exists a serious risk of harm to that person, others, or property." N.D.C.C. § 25–03.1–02(11). Detailed findings, including references to a patient's medical history and the evidence upon which the district court relied in making its determination, serve the significant purpose of informing the patient and this Court of the evidentiary basis upon which the district court made its conclusions. *Riedel,* 353 N.W.2d at 776; *In the Interest of R.N.,* 513 N.W.2d 370, 373 (N.D.1994).

[¶ 10] The district court did not prepare written findings of fact, and the court orally found only that J.S. does not have insight into his illnesses and needs treatment. *See* N.D.R.Civ.P. 52(a) ("the court shall find facts specially," either orally on the record or "in an opinion or memorandum of decision filed by the court"); *see also Riedel,* 353 N.W.2d at 775 ("the basis of the trial court's determination must be reflected in findings of fact").

[¶ 11] On appeal, we are limited "to a review of the procedures, *findings,* and conclusions of the lower court." *Riedel,* 353 N.W.2d at 775 (citing N.D.C.C. § 25–03.1–29). "It is obvious that this [C]ourt must have 'findings' to review if we are to fulfill the requirements" of the statute. *Id.* (referring to N.D.C.C. § 25–03.1–29). The clear and convincing evidentiary standard "does not abolish the requirement that 'findings' be prepared." *Id.* Our involuntary treatment statute:

> requires that findings be "entered in the record" in involuntary mental health treatment cases. We accept the view that a significant purpose to be served by findings of fact in any type of case is to disclose with specificity the factual basis for the conclusion, in order that there be a clear understanding thereof by the parties and by this [C]ourt.

*Id.* at 776 (citing *Hust v. Hust,* 295 N.W.2d 316, 321 (N.D.1980)).

[¶ 12] Preprinted forms are permissible "if appropriately supplemented with specific facts on the face of the form or otherwise." *Id.* However, to adequately examine the factual basis for the district court's conclusion, sufficient findings are necessary. In this case, "where substantially all of the evidence" except J.S.'s own opinion "supports the order requiring continued hospitalization and treatment, [preparing] findings of fact which disclose 'clear and convincing' supporting evidence should not be an insurmountable task." *Id.*

[¶ 13] The district court's limited findings do not identify the evidentiary basis upon which the conclusions were made. We remand with instructions for the district court to enter more detailed findings to support the conclusions that J.S. was chemically dependent or mentally ill and poses a danger to himself or others or to property if treatment is not continued. We retain jurisdiction under N.D.R.App.P. 35(b). *See, e.g., Jerry Harmon Motors, Inc. v. First Nat'l Bank & Trust Co.,* 436 N.W.2d 240, 242 (N.D.1989) (remanding with instructions while retaining jurisdiction).

### III

[¶ 14] J.S. argues the district court failed to consider the least restrictive conditions required to achieve the treat-

ment goal. *See* N.D.C.C. § 25–03.1–40(2) (a patient has a right to "the least restrictive conditions necessary to achieve the purposes of treatment"). The district court, in ordering J.S.'s continued treatment, suggested the State Hospital may employ less restrictive means of treatment, if possible.

[¶ 15] In his report, Dr. Pryatel certified at least three non-hospital treatment programs were considered, but alternative treatment is unavailable because J.S.:

> denies or justifies the behaviors which caused his commitment and believes others lied to get him in trouble. He denies any illness, mental or physical (high blood pressure and diabetes), and takes medication only because he knows it will be forced if he does not. He openly states he will discontinue medication as soon as he is discharged.

[¶ 16] "In some cases, a reporting doctor may reasonably conclude that less restrictive alternatives to hospitalization simply do not exist." *In the Interest of J.S.*, 545 N.W.2d 145, 148 (N.D.1996) (citation omitted). Dr. Pryatel's report, standing alone, supports continued treatment. The record does not, however, contain findings to suggest whether the report, the testimony, or other evidence was used to reach the conclusion that alternative treatment is unavailable.

[¶ 17] J.S. extends his least-restrictive-treatment theory by arguing he should be allowed to move from a treatment ward at the State Hospital to a transitional living home on the hospital campus. J.S. did not testify or call witnesses to support this argument, but relied on the testimony of Dr. Pryatel.

[¶ 18] A patient has the right to the least restrictive conditions necessary to achieve the treatment purposes. *See* N.D.C.C. § 25–03.1–40(2). When less restrictive treatment is argued, unless there is no issue of material fact, findings are necessary to explain the factual basis for the district court's conclusion. *See In the*

*Interest of T.H.*, 482 N.W.2d 615, 625 (N.D.1992) (an expert's explanations must show why continuation of treatment is the least restrictive condition and no less restrictive alternative is appropriate); *see also* N.D.R.Civ.P. 52(a) (findings are unnecessary if there is no issue of material fact). It is unclear whether the district court concluded there was no issue of material fact. Further, the record does not contain any findings to explain the district court's conclusions that J.S.'s treatment should continue at the State Hospital and that treatment cannot be effectively administered in an environment less restrictive than a treatment ward.

[¶ 19] In the absence of findings, we decline to presume the least restrictive conditions are not being used by the health professionals charged with the responsibility of treating J.S. to achieve the purposes of his treatment. We note that J.S.'s previous continuing treatment order, dated December 1, 1999, is contained in the record. The order specifically required "efforts to provide alternative treatment ... including Transitional Living at [the] State Hospital." The order further required the State Hospital to notify counsel for J.S. if alternative treatment was not initiated within six months, and the order stated counsel could "seek a hearing for alternative treatment" if alternatives were not implemented. Regardless of whether an alternative treatment hearing was sought, findings are necessary to support the district court's conclusions regarding J.S.'s least-restrictive-treatment argument.

## IV

[¶ 20] We remand with instructions to make expedited findings of fact relating to the conclusions of law as to whether J.S. is mentally ill or chemically dependent and poses a risk to himself or others or to property, and relating to the conclusions regarding continued treatment and the availability of less restrictive treatment. *See In the Interest of Riedel*, 353 N.W.2d 773, 776 (N.D.1984) (instructing the dis-

trict court to enter findings on all pertinent issues).

[¶ 21] WILIAM A. NEUMANN, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, JJ., concur.

VANDE WALLE, Chief Justice, concurring in part and dissenting in part.

[¶ 22] I agree with the majority that the findings concerning least-restrictive treatment are inadequate. I concur with the majority in remanding that issue for further findings.

[¶ 23] I do not agree that, on this record, the findings J.S. is mentally ill or chemically dependent and poses a risk to himself or others or to property are so flawed as to be legally inadequate. The majority recognizes our "more probing" review under the "clearly erroneous" standard. *Interest of K.J.L.*, 541 N.W.2d 698, 700 (N.D.1996). Although that standard was designed to "balance the competing interests of protecting a mentally ill person and of preserving that person's liberty," *In Interest of J.S.*, 530 N.W.2d 331, 333 (N.D.1995), it also requires we more closely probe the record for error. *Id.* On this record, that probing reveals no error on the part of the trial court in concluding J.S. is in need of treatment. The evidentiary bases upon which the trial court made its conclusions are painfully obvious. While I, too, exhort the trial courts to make more specific and detailed findings in these matters, I cannot agree the findings are so deficient as to require a remand. I therefore dissent to part II of the majority opinion and I concur in part III of the majority opinion.

[¶ 24] GERALD W. VANDE WALLE