Filed 5/14/13 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2013 ND 75

In the Interest of S.R.B. 

----------------------

Richard Beane, Petitioner and Appellee

v.

S.R.B., Respondent and Appellant

No. 20130112

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Richard L. Hagar, Judge.

REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.

Opinion of the Court by Maring, Justice.

Ariston E. Johnson (argued), Assistant State’s Attorney, and Dennis Edward Johnson (on brief), State’s Attorney, P.O. Box 1288, Watford City, N.D. 58854, for petitioner and appellee.

Gregory Ian Runge, 1983 E. Capitol Avenue, Bismarck, N.D. 58501, for respondent and appellant.

Interest of S.R.B.

No. 20130112

Maring, Justice.

[¶1] 
S.R.B. appeals the trial court’s order for hospitalization and treatment at the North Dakota State Hospital for ninety days and its order requiring use of prescribed medication.  We conclude insufficient findings appear in the record to support the trial court’s orders.  We remand with instructions for expedited entry of findings
 for the order for hospitalization and treatment, reverse the order requiring use of prescribed medication, and retain jurisdiction under N.D.R.App.P. 35(a)(3).

I

[¶2] On February 28, 2013, S.R.B.’s father filed a petition for involuntary commitment of S.R.B.  The petition alleged S.R.B. was mentally ill and there was a reasonable expectation of a serious risk of harm if S.R.B. was not treated.  The petition alleged that S.R.B. called a nearby school looking for his daughter, wife, and lover, of which he has none.  The petition also alleged S.R.B.’s neighbor saw S.R.B. “walking around [his] house this morning with nothing on but his underwear shorts.”  The petitioner requested emergency treatment, alleging S.R.B. was not taking his medication.

[¶3] The trial court ordered emergency treatment and committed S.R.B. to Sanford Health, Bismarck, North Dakota.  On March 8, 2013, a preliminary hearing was held.  At the preliminary hearing, the trial court ordered S.R.B. be treated at Sanford Health for a period not to exceed fourteen days.

[¶4] On March 21, 2013, a hearing for the hospitalization and treatment of S.R.B. was held.  At the treatment hearing, Dr. Sacheen Shrestha, S.R.B.’s treating psychiatrist, testified that S.R.B. suffers from schizophrenia undifferentiated type and opined that S.R.B. has a substantial likelihood of substantial deterioration in his mental health due to his failure to take antipsychotic medication.

[¶5] At the conclusion of the hearing, the trial court issued its findings of fact and conclusions of law on the record:

It shall be the order of this Court that I have found there has been clear and convincing evidence as represented by the doctor that [S.R.B.] is a mentally ill person, that there is substantial likelihood of a substantial deterioration in his health and well-being, and the clear possibility of harm to himself and the possibility of harm to others based upon his mental illness.  The Court would in that case order and find that the treatment is required.  It’s not a “may” treatment.  It is required treatment for [S.R.B.].  And the Court will issue an order for a 90-day treatment order against [S.R.B.], I presume, to be treated at the North Dakota State Hospital.

On March 21, 2013, the trial court issued its order for hospitalization and treatment stating: “The Court has considered evidence presented to it, along with pertinent medical information and concludes that the Respondent is a person requiring hospitalization for mental illness.”  The trial court ordered S.R.B. to be treated at the North Dakota State Hospital for ninety days. 

[¶6] On April 12, 2013, Dr. William Pryatel, a psychiatrist at the State Hospital, filed a request that the court authorize treatment of S.R.B. with prescribed medication and certified that S.R.B. refused to take his medication.  On April 16, 2013, in an ex parte order, the trial court granted the request and ordered the use of psychotropic medication for S.R.B.

[¶7] S.R.B. filed two separate notices of appeal from the March 23, 2013, and April 16, 2013, orders.

II

[¶8] S.R.B. argues the trial court erred in failing to make findings of fact specially as required by N.D.R.Civ.P. 52(a)(1).

[¶9] On appeal from an order for hospitalization and treatment, we review the procedures, findings, and conclusions of the trial court.  
Interest of J.S.
, 2001 ND 10, ¶ 4, 621 N.W.2d 582 (citing N.D.C.C. § 25-03.1-29).  “A trial court’s findings are subject to a more probing clearly erroneous standard of review.”  
Id.
 (quotations omitted).  A finding is clearly erroneous if it is induced by an erroneous view of the law, it is not supported by the evidence, or this Court is left with a definite and firm conviction a mistake has been made.  
In re D.Z.
, 2002 ND 132, ¶ 6, 649 N.W.2d 231. 

[¶10] A trial court may grant a petitioner’s request for involuntary treatment if the petitioner proves by clear and convincing evidence the respondent is a person requiring treatment.  
Id.
; N.D.C.C. §§ 25-03.1-02(12) and 25-03.1-19  “To prove that the respondent is a person requiring treatment, as defined under N.D.C.C. § 25-03.1-

02[(12)], the petitioner must prove by clear and convincing evidence the person is mentally ill and there is a reasonable expectation that, if the person is not treated, he poses a serious risk of harm to himself, others, or property.”  
In re D.Z.
, at ¶ 6.  Section 25-03.1-02(12), N.D.C.C., states:

“Serious risk of harm” means a substantial likelihood of:

a. Suicide, as manifested by suicidal threats, attempts, or significant depression relevant to suicidal potential;

b. Killing or inflicting serious bodily harm on another person or inflicting significant property damage, as manifested by acts or threats;

c. Substantial deterioration in physical health, or substantial injury, disease, or death, based upon recent poor self-control or judgment in providing one’s shelter, nutrition, or personal care; or

d. Substantial deterioration in mental health which would predictably result in dangerousness to that person, others, or property, based upon evidence of objective facts to establish the loss of cognitive or volitional control over the person’s thoughts or actions or based upon acts, threats, or patterns in the person’s treatment history, current condition, and other relevant factors.

[¶11] “It is obvious that this court must have ‘findings’ to review if we are to fulfill the requirements of this statute.  The fact that [N.D.C.C. § 25-03.1-19] requires that the petition be denied unless it is sustained by ‘clear and convincing’ evidence, does not abolish the requirement that ‘findings’ be prepared.”  
Interest of Riedel
, 353 N.W.2d 773, 775 (N.D. 1984).  “Rule 52(a), [N.D.R.Civ.P.], requires that trial courts ‘find the facts specially’ in 
every
 ‘action tried upon the facts without a jury.’”  
Riedel
, 353 N.W.2d at 776.  In 
Interest of R.A.S.
, 2008 ND 185, ¶ 8, 756 N.W.2d 771, we held:

“Conclusory, general findings do not comply with N.D.R.Civ.P. 52(a), and a finding of fact that merely states a party has failed in or has sustained its burden of proof is inadequate under the rule.” 
Rothberg v. Rothberg
, 2006 ND 65, ¶ 14, 711 N.W.2d 219. The court must specifically state the facts upon which its ultimate conclusion is based on. 
Id.
 The purpose of the rule is to “provide the appellate court with an understanding of the factual issues and the basis of the district court’s decision.” 
Clark v. Clark
, 2005 ND 176, ¶ 8, 704 N.W.2d 847. . . . This Court cannot review a district court’s decision when the court does not provide any indication of the evidentiary and theoretical basis for its decision because we are left to speculate what evidence was considered and whether the law was properly applied. 
See
 
Clark
, at ¶¶ 9 and 13. The court errs as a matter of law when it does not make the required findings. 
L.C.V. v. D.E.G.
, 2005 ND 180, ¶ 11, 705 N.W.2d 257.

“Detailed findings, including references to a patient’s medical history and the evidence upon which the district court relied in making its determination, serve the significant purpose of informing the patient and this Court of the evidentiary basis upon which the district court made its conclusions.”  
Interest of J.S.
, 2001 ND 10, ¶ 9, 621 N.W.2d 582 (citing 
Interest of Riedel
, 353 N.W.2d at 776).

[¶12] The trial court’s scant findings in the present case do not identify the evidentiary basis upon which its ultimate conclusions were made.  We remand for expedited findings to support the trial court’s conclusions that S.R.B. is mentally ill or chemically dependent, and there is a reasonable expectation that if S.R.B. is not treated there exists a serious risk of harm to himself, others, or property.  See N.D.C.C. § 25-03.1-02(12).  We retain jurisdiction under N.D.R.App.P. 35(a)(3).  
See
 
Interest of J.S.
, at ¶ 13 (remanding with instructions while retaining jurisdiction).

III 

[¶13] S.R.B. argues the trial court failed to consider the least restrictive alternative treatment.  
See
 N.D.C.C. § 25-03.1-40(2) (stating a patient has a right to “the least restrictive conditions necessary to achieve the purposes of treatment”). 

[¶14] “Persons who require treatment are entitled to the least restrictive treatment that will meet their treatment needs.”  
In re K.L.
, 2006 ND 103, ¶ 6, 713 N.W.2d 537 (citing N.D.C.C. § 25-03.1-21(1)).  Section 25-03.1-21(1), N.D.C.C., provides:

Before making its decision in an involuntary treatment hearing, the court shall review a report assessing the availability and appropriateness for the respondent of treatment programs other than hospitalization which has been prepared and submitted by the state hospital or treatment facility.  If the court finds that a treatment program other than hospitalization is adequate to meet the respondent’s treatment needs and is sufficient to prevent harm or injuries which the individual may inflict upon the individual or others, the court shall order the respondent to receive whatever treatment other than hospitalization is appropriate for a period of ninety days.

[¶15] The trial court must find, by clear and convincing evidence, hospitalization is the least restrictive treatment or that alternative treatment is not adequate.  
In re K.L.
, 2006 ND 103, ¶ 6, 713 N.W.2d 537.  To comply with N.D.C.C. § 25-03.1-21(1), the trial court is required to find (1) whether treatment other than hospitalization is adequate to meet the individual’s treatment needs, and (2) whether an alternative treatment program is sufficient to prevent harm or injuries which the respondent may inflict on himself or others.  
In re K.L.
, at ¶ 6.  

[¶16] Here, Dr. Shrestha provided a report assessing the availability and appropriateness of treatment.  In his report, Dr. Shrestha considered alternative treatment but opined that such treatment would not be sufficient to meet S.R.B.’s treatment needs based on S.R.B.’s refusal to take medication and continued delusions.  Dr. Shrestha also opined that the alternative treatment program would not prevent a danger to S.R.B., others, or property because of S.R.B.’s refusal to take medication, his continued delusions, his vague homicidal comments, and his past physical aggression.  In its findings, the trial court, however, did not reference whether Dr. Shrestha’s report or testimony was used to reach the conclusion that treatment is required, which are necessary findings to support the trial court’s order for hospitalization and treatment.  
See
 
Interest of J.S.
, 2001 ND 10, ¶ 18, 621 N.W.2d 582.  Further, the trial court failed to make a specific finding on whether hospitalization is the least restrictive treatment.  Rather, in ordering hospitalization and treatment, the trial court found:  “It’s not a ‘may’ treatment.  It is required treatment for [S.R.B.].”  We conclude the trial court erred in failing to make finding specially whether hospitalization was the least restrictive alternative form of treatment for S.R.B., and we remand for expedited findings supporting its conclusion that hospitalization is the least restrictive treatment.

IV

[¶17] At the time of oral argument, S.R.B. had not filed a notice of appeal appealing the order requiring use of prescribed medication.  A proper notice of appeal from the order requiring use of prescribed medication has since been filed.  We have consolidated S.R.B.’s appeal from the order requiring use of prescribed medication with his appeal from the order for hospitalization and treatment.

[¶18] Court-authorized involuntary treatment with prescribed medication is governed under N.D.C.C. § 25-03.1-18.1, which provides:

1. a. 
Upon notice and hearing
, a treating psychiatrist may request authorization from the court to treat a person under a mental health treatment order with prescribed medication. . . . As a part of the request, the treating psychiatrist and another licensed physician or psychiatrist not involved in the current diagnosis or treatment of the patient shall certify:

(1) That the proposed prescribed medication is clinically appropriate and necessary to effectively treat the patient and there is a reasonable expectation that if the person is not treated as proposed there exists a serious risk of harm to that person, other persons, or property;

(2) That the patient was offered that treatment and refused it . . .

(3) That prescribed medication is the least restrictive form of intervention necessary to meet the treatment needs of the patient; and

(4) That the benefits of the treatment outweigh the known risks to the patient.

. . . .

2. a. Evidence of the factors certified under subsection 1 may be presented to the court at an involuntary treatment hearing . . . or at a separate hearing 
after motion and notice
.

. . . .

3. If the factors certified under subsection 1 have been demonstrated by clear and convincing evidence, the court may include in its involuntary treatment order a provision, or 
it may issue a separate order after notice and hearing
, authorizing the treating psychiatrist to involuntarily treat the patient with prescribed medication . . . .  (Emphasis added).

Therefore, the respondent must be given notice of a hearing and a hearing before the trial court may issue an order authorizing the use of prescribed medication.  
See
 
Interest of B.L.S.
, 2006 ND 218, ¶ 22, 723 N.W.2d 395.  Section 25-03.1-12, N.D.C.C., provides:

The court shall cause notice of a petition and of the time and place of any hearings under this chapter to be given to the respondent; . . . the respondent’s attorney; the petitioner; the state’s attorney; the superintendent or the director of any hospital or treatment facility in which the respondent is hospitalized or is being treated . . . .

[¶19] Here, Dr. Pryatel filed a request for authorization to treat S.R.B. prescribed medication with the trial court.  The record indicates S.R.B. was provided neither notice of a hearing on the request for authorization to treat him with prescribed medication nor a hearing on the matter.  Rather, the trial court issued an ex parte order granting Dr. Pryatel’s request for authorization to treat S.R.B. with prescribed medication.  Further, in its order requiring use of prescribed medication, the trial court did not make any findings whether Dr. Pryatel proved by clear and convincing evidence the four statutory factors outlined in N.D.C.C. § 25-03.1-18.1(1)(a)(1)-(4).  We conclude, the trial court violated S.R.B.’s statutory rights, and we reverse the trial court’s order requiring use of prescribed medication.

V

[¶20] Any remaining issues and arguments are unnecessary to our decision and will not be addressed.  We remand with instructions that, within five days from the filing of this opinion, the trial court make expedited findings of fact related to whether S.R.B. is a person requiring treatment and whether hospitalization is the least restrictive treatment available.  
See
 
Interest of J.S.
, 2001 ND 10, ¶ 20, 621 N.W.2d 582; 
Interest of Riedel
, 353 N.W.2d at 776 (instructing the trial court to enter findings on all pertinent issues).  We reverse the order requiring use of prescribed medication. 

[¶21] Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.