2015 ND 12

**In the Interest of L.B.**

**Gabriela Balf–Soran, M.D., Petitioner and Appellee**

**v.**

**L.B., Respondent and Appellant.**

**No. 20140447.**

Supreme Court of North Dakota.

Jan. 15, 2015.

Alexander J. Stock, Assistant State's Attorney, Bismarck, ND, for petitioner and appellee; submitted on brief.

Gregory I. Runge, Bismarck, ND, for respondent and appellant; submitted on brief.

KAPSNER, Justice.

[¶ 1] L.B. appeals from a district court order requiring her to undergo treatment for chemical dependency. We affirm.

I

[¶ 2] On November 10, 2014, Dr. Gabriela Balf–Soran filed an involuntary commitment petition claiming L.B. was mentally ill and chemically dependent. On November 13, 2014, Carmen Johnson and Dr. Lacey Armstrong filed a Report of Examination and a Report Assessing the Availability and Appropriateness of Alternate Treatment ("Report of Alternate Treatment") stating L.B. did not meet the mental illness commitment criteria, but she did meet "criteria for the chemical dependency commitment."

[¶ 3] At the treatment hearing, Johnson's refusal to appear without a subpoena and an order requiring her to testify was discussed. Dr. Balf–Soran was the only witness who testified, and the district court stated it would consider her testimo-

ny "[a]s the only evidence before the Court." The court issued an order finding L.B. was chemically dependent, and there was a substantial likelihood of substantial deterioration in her physical health if she did not undergo treatment and ordered her to undergo outpatient treatment with a residential component for a period not to exceed 90 days.

## II

[¶ 4] L.B. argues the case should be dismissed because the expert examiner failed to testify, there was no clear and convincing evidence to support the district court's findings, and the district court erred by not ordering the least-restrictive alternative treatment.

[¶ 5] On an appeal from an order for treatment, this Court is limited to a review of the lower court's "procedures, findings, and conclusions." N.D.C.C. § 25–03.1–29. "A trial court's findings are subject to a more probing clearly erroneous standard of review." *In re S.R.B.*, 2013 ND 75, ¶ 9, 830 N.W.2d 565 (citation omitted). Before a court may grant a petitioner's request for involuntary treatment, the petitioner must prove by clear and convincing evidence that the respondent requires treatment. *See id.* at ¶ 10.

## III

[¶ 6] L.B. argues the case must be dismissed because the expert examiner failed to testify at the treatment hearing.

[¶ 7] The respondent must be examined by an expert examiner. N.D.C.C. § 25–03.1–11(1). Two expert examiners examined L.B.; however, neither testified. While Johnson's refusal to testify was discussed at the hearing, there was no mention of Dr. Armstrong's unwillingness or unavailability. L.B. alleged Dr. Armstrong did not testify because she did not find L.B. was mentally ill.

[¶ 8] L.B. argues there was no testimony supporting any foundation in support of the reports, and they were hearsay. We find this argument unpersuasive since the petitioner testified regarding L.B.'s chemical dependency, and the court considered Dr. Balf–Soran's testimony as the only evidence before it.

[¶ 9] L.B. also argues she has a "right to confront and cross-examine both the petitioner and the expert examiners" under N.D.C.C. § 25–03.1–19. In *In re L.D.,* 2003 ND 182, ¶ 8, 671 N.W.2d 791, the respondent made an analogous argument that the treatment order should be reversed because the petitioner did not testify. However, this Court noted N.D.C.C. § 25–03.1–19 does *not* require the petitioner to testify, but "merely requires evidence to be presented in support of the petition." *Id.* at ¶ 9. "As long as the evidence presented at a treatment hearing supports the underlying allegations of the petition, the petitioner does not have to be present to testify regarding all the allegations in the petition." *Id.* Here, only the petitioner testified, L.B. *was* afforded an opportunity to cross-examine her, and Dr. Balf–Soran's testimony supported the petition's underlying allegations.

[¶ 10] L.B. does not cite to any authority supporting her proposition that failure to have the expert examiner testify should result in dismissal. In fact, N.D.C.C. § 25–03.1–19 does not specifically afford the respondent the right to confront and cross-examine the petitioner and the expert examiner. It simply states: "[T]he respondent must be afforded an opportunity . . . to present and cross-examine witnesses." N.D.C.C. § 25–03.1–19. There is no statutory right to examine the expert examiner who does not testify at the treatment hearing, so long as the court

receives evidence meeting the statutory requirements.

[¶ 11] We conclude L.B.'s argument, that the case should be dismissed because the expert examiner failed to testify, is not persuasive. L.B. did not cite to any authority for her position, and the district court did not rely on the expert examiners' reports, but rather on Dr. Balf–Soran's testimony.

## IV

[¶ 12] L.B. also argues the district court's order is not supported by clear and convincing evidence.

[¶ 13] A two-step analysis is employed when determining whether a person requires treatment: (1) the court must find the person is mentally ill or chemically dependent, and (2) must find there is a reasonable expectation that, if the person is not hospitalized, there is a serious risk of harm to himself, others, or property. *L.D.,* 2003 ND 182, ¶ 5, 671 N.W.2d 791. It is not enough that the individual would benefit from treatment; rather, the individual must require it. *Id.*

[¶ 14] Dr. Balf–Soran, who treated L.B. including during her most recent hospitalization, testified L.B. has been hospitalized numerous times the past year for alcohol-related issues, and during her most recent ICU stay, she was in delirium tremens, was intubated for three weeks, and displayed physical aggressiveness, hallucinations, and disorientation. Dr. Balf–Soran testified L.B.'s judgment was still impaired and expressed concern that if L.B. did not receive treatment, L.B. might die because she is diabetic and her blood sugars are directly affected by her alcohol use.

[¶ 15] L.B. asserts Dr. Balf–Soran's testimony was "not all that reliable" because Dr. Balf–Soran determined L.B.

was both mentally ill and chemically dependent in the petition, and this was contradicted by Dr. Armstrong, who found L.B. was not mentally ill. However, L.B. did not cross-examine Dr. Balf–Soran or present any testimony in opposition to her, and a "district court's acceptance of unrefuted expert testimony is not clearly erroneous." *In re J.K.,* 1999 ND 182, ¶ 13, 599 N.W.2d 337.

[¶ 16] We conclude Dr. Balf–Soran's testimony provided a sufficient basis for the court's finding that L.B. is chemically dependent and requires treatment. L.B. presented no testimony in opposition to Dr. Balf–Soran, and the district court's acceptance of unrefuted expert testimony is not clearly erroneous.

## V

[11] [¶ 17] L.B. also argues the district court erred by not ordering the least-restrictive alternative treatment.

[¶ 18] Persons who require treatment are entitled to the least-restrictive treatment that will meet their treatment needs. *See In re D.Z.,* 2002 ND 132, ¶ 10, 649 N.W.2d 231. "Before making its decision in an involuntary treatment hearing, the court shall review a report assessing the availability and appropriateness for the respondent of treatment programs other than hospitalization which has been prepared and submitted by the state hospital or treatment facility." N.D.C.C. § 25–03.1–21(1).

[¶ 19] It is not disputed that the Report of Alternate Treatment was filed with the court, but L.B. argues there was no testimony to support it. However, this argument is not persuasive because Dr. Balf–Soran testified L.B. requires treatment in the form of "[r]esidential rehab," and the court noted it would order L.B. to

undergo residential treatment "which is less severe than the state hospital."

[¶ 20] We conclude the district court's order was not clearly erroneous. We affirm.

[¶ 21] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SAND-STROM, JJ., concur.