In the Interest of J.S.

Leonardo AREVALO, M.D., Petitioner and Appellee,

v.

J.S., Respondent and Appellant.

Civ. No. 950019.

Supreme Court of North Dakota.

Feb. 28, 1995.

Glenn Fenske of Kropp Law Office, Jamestown, for respondent and appellant.

John E. Greenwood, State's Atty., Jamestown, for petitioner and appellee.

SANDSTROM, Justice.

J.S. appeals from an order of the district court authorizing involuntary treatment of J.S. with prescribed medication. We affirm, but remand for the district court to modify its order to specify the medication.

I

J.S. is a patient at the North Dakota State Hospital. J.S. was originally committed to the hospital following a criminal terrorizing charge in 1989. Since the expiration of that commitment in 1992, J.S. has been the subject of involuntary treatment orders for periods not exceeding one year. The most recent involuntary treatment order was to expire February 23, 1995.

J.S. is diagnosed with schizoprenia, paranoid type, chronic. His treating physicians at the State Hospital have prescribed an anti-psychotic medication, haldol, for his mental illness. J.S. refuses to take haldol orally. Therefore, J.S. is given a special form of haldol, haldol decanoate, by injection every ten days.

On January 3, 1995, the district court heard the request for continued involuntary medication. At the hearing, Dr. John Lowe, a staff psychiatrist at the State Hospital, testified haldol decanoate is clinically appropriate because it reduces the delusions and assaultive behavior from which J.S. suffers. Lowe testified J.S. would likely regress to the behavior underlying the 1989 criminal terrorizing charge if not treated. The doctor testified J.S. was offered haldol orally, but refuses to take it, and J.S. lacks the capacity to make the decision. Further, J.S. does not believe the medication is necessary because he does not feel mentally ill. Lowe testified there is no less restrictive means of treating J.S. because nothing else reduced the agitation caused by the delusions. The doctor admitted side effects to haldol, but concluded the benefits outweigh the risks.

Dr. Lowe testified under cross-examination it was likely J.S. would be on haldol the rest of his life. Lowe said J.S. might be taken off haldol when J.S. reaches old age.

The district court asked Dr. Lowe about what J.S. must show to be removed from haldol. The doctor testified a patient usually shows less hostility or delusions. Lowe also said J.S. was being observed for both improvement and side effects of haldol, while in the open ward at the hospital.

J.S. did not testify and no one testified on his behalf. The district court found Dr. Lowe's testimony credible and ordered involuntary medication for no more than ninety days.

The district court had jurisdiction under Art. VI, § 8, N.D. Const., and N.D.C.C. § 25–03.1–03. This Court has jurisdiction under Art. VI, § 6, N.D. Const., and N.D.C.C. § 25–03.1–29. The appeal was timely under Rule 2.1, N.D.R.App.P. and N.D.C.C. § 25–03.1–29.

## II

■ J.S. contends the district court's order authorizing involuntary treatment is not supported by sufficient evidence. Each of the factors listed in N.D.C.C. § 25–03.1–18.1, must be proven by clear and convincing evidence for involuntary treatment. *In the In-* *terest of B.D.,* 510 N.W.2d 629, 632 (N.D. 1994). The court must find:

"(1) That the proposed prescribed medication is clinically appropriate and necessary to effectively treat the patient and there is a reasonable expectation that if the person is not treated as proposed there exists a serious risk of harm to that person, other persons, or property;

(2) That the patient was offered that treatment and refused it or that the patient lacks the capacity to make or communicate a responsible decision about that treatment;

(3) That prescribed medication is the least restrictive form of intervention necessary to meet the treatment needs of the patient; and

(4) That the benefits of the treatment outweigh the known risks to the patient."

N.D.C.C. § 25–03.1–18.1(1)(a). The court shall consider all relevant evidence presented at the hearing, including:

"(1) The danger the patient presents to self or others;

(2) The patient's current condition;

(3) The patient's past treatment history;

(4) The results of previous medication trials;

(5) The efficacy of current or past treatment modalities concerning the patient;

(6) The patient's prognosis; and

(7) The effect of the patient's mental condition on the patient's capacity to consent."

N.D.C.C. § 25–03.1–18.1(2)(a).

Finally, involuntary treatment may not be authorized solely for the convenience of facility staff or for punishment. N.D.C.C. § 25–03.1–18.1(2)(b).

■ In a hearing under N.D.C.C. ch. 25–03.1, a trial court's finding clear and convincing evidence the respondent is in need of treatment is a finding of fact which we review under a more probing clearly erroneous standard. *In the Interest of R.N.,* 513 N.W.2d 370, 371 (N.D.1994).

■ J.S. argues the prescribed medication, haldol decanoate, has adverse side effects which cause irreversible movement disorders. J.S. contends the risks from these side effects outweigh the benefits of the treatment. *See* N.D.C.C. § 25–03.1–18.1(1)(a)(4). J.S. suffers from tardive dyskinesia, a movement disorder of the mouth and tongue, after treatment with the haldol decanoate.

Dr. Lowe testified the medication was appropriate because J.S. suffers from delusions and assaultive behavior based on those delusions. Lowe conceded long-term side effects from haldol use. These side effects include the risk of movement disorders and bone marrow suppression. The doctor stated J.S. was under constant observation and admitted the mouth movements had been observed. Lowe testified, however, no other medication would reduce J.S.'s agitation that caused past assaultive behavior. The doctor concluded the benefits outweigh the side effects.

■ Counsel for J.S. presented no testimony in opposition to Dr. Lowe's conclusion. If counsel wished to attack the expert opinion of the state's psychiatrist, he should have requested an independent expert examiner for his client under N.D.C.C. § 25–03.1–18.1. The weight and credibility given an expert's opinion is a question of fact subject to the clearly erroneous standard of Rule 52(a), N.D.R.Civ.P. The district court's acceptance of uncontroverted expert testimony is not clearly erroneous.

### III

■ A trial court must specify the medication to be involuntarily administered, at least by generic name, in its order for involuntary medication. *In the Interest of B.D.* at 634. Although the request for authority to treat with medication listed haldol decanoate, the district court's order referred only to "prescribed medication." Because the district court failed to state haldol decanoate was the medication to be administered, we remand for the court to modify its order, consistent with this opinion and the request for authorization to treat.

### IV

The order of the district court is affirmed, but remanded for modification.

VANDE WALLE, C.J., and NEUMANN, LEVINE and MESCHKE, JJ., concur.