594 N.W.2d 924 (1999)
1999 ND 117
In the Interest of M.S.
Leonardo Arevalo, M.D., Petitioner and Appellee,
v.
M.S., Respondent and Appellant.
No. 990162.
Supreme Court of North Dakota.
June 18, 1999.
Thomas E. Merrick, Jamestown, for respondent and appellant.
Charles J. Gilje of Gilje & Dalsted, Jamestown, for petitioner and appellee.
NEUMANN, Justice.
[¶ 1] M.S. appeals from the continuing treatment order issued by the district court. We affirm.

I
[¶ 2] On January 28, 1999, the district court entered a treatment order committing *925 M.S. to the State Hospital for ninety days. On April 14, 1999, notice was given on a continuing treatment hearing based on a filed petition seeking continued treatment.
[¶ 3] On May 5, 1999, the district court issued its findings of fact and conclusions of law. The district court concluded M.S. "suffers from mental illness which substantially impairs his capacity to use self-control, judgment and discretion, and that there is a substantial likelihood of harm to himself and others as demonstrated by past acts, threats and current conditions." The district court further concluded alternative treatment was appropriate and ordered the State Hospital to assist in placing M.S. in a structured home for ten months. The court instructed that, after ten months, M.S. should be brought back before the court to determine if M.S. could be released to an independent living situation. M.S. appeals, arguing he should be released directly to independent living.

II
[¶ 4] During oral argument on appeal, M.S. conceded he was mentally ill, chemically dependent, and in need of treatment. His sole argument on appeal is that he was denied the least restrictive means of treatment available.
[¶ 5] When reviewing an order for continued treatment we are particularly sensitive to the liberty interest at stake. In the Interest of R.M., 555 N.W.2d 798, 799 (N.D.1996).
To balance the competing interests of protecting a mentally ill person and of preserving that person's liberty, our standards of decision require trial courts to use a clear and convincing standard of proof while we use a more probing `clearly erroneous' standard of review. As we explained in In Interest of R.N., 513 N.W.2d 370, 371 (N.D.1994), `we will affirm an order for involuntary treatment unless it is induced by an erroneous view of the law or if we are firmly convinced it is not supported by clear and convincing evidence.'
Id. (citations omitted) (quoting In the Interest of J.S., 530 N.W.2d 331, 333 (N.D. 1995)).
[¶ 6] In this case, the State and M.S. both presented expert testimony and evidence. Dr. Robert Gulkin, a clinical psychologist, testified on behalf of M.S. Dr. Gulkin testified M.S. could be considered for discharge to the community if comprehensive programming is available, which would involve medication monitoring, involvement in general personal counseling and alcohol and drug treatment. However, Dr. Gulkin's written report also stated it was his impression it would be most appropriate for M.S. to remain at the State Hospital until such time as appropriate aftercare plans are in place.
[¶ 7] Dr. Leonardo Arevalo testified on behalf of the State. He indicated he was not comfortable with Dr. Gulkin's recommendation for independent living. Dr. Arevalo felt because of M.S's problems with medication compliance and substance abuse it would be necessary to provide alternative treatment in a facility with twenty four hour care.
[¶ 8] The district court is in the best position to weigh the testimony of the doctors and others who testified. In the Interest of M.H., 475 N.W.2d 552, 556 (N.D.1991). When we review a cold record, we must give deference to the district court's interpretations of the testimony given. Id. The district court is the ultimate arbiter of the credibility of the witnesses and the weight to be given their respective testimony. Id. at 557 (quoting Weiss v. Anderson, 341 N.W.2d 367, 371 (N.D.1983)). When one or more reasonable inferences can be drawn from credible evidence, the reviewing court must accept *926 the inference drawn by the district court. Id. (quoting Weiss v. Anderson, 341 N.W.2d 367, 371 (N.D.1983))
[¶ 9] Here, the district court saw and heard both experts testify. The court was in a much better position to weigh the evidence than are we as an appellate court. The district court found Dr. Arevalo's testimony to be more credible than Dr. Gulkin's. Based on the record before us, we cannot say this was clearly erroneous. This is especially true when the order issued by the district court is actually very close to what M.S.'s own expert offered as appropriate treatment.
[¶ 10] We do not discount M.S.'s right "[t]o the least restrictive conditions necessary to achieve the purposes of treatment." N.D.C.C. § 25-03.1-40(2). This is not the traditional mental health case in which the respondent is advocating alternate treatment and the State is advocating hospitalization. Here, both sides were advocating alternate treatment, and the district court in fact ordered alternate treatment. M.S.'s right to the least restrictive conditions necessary has not been violated.

III
[¶ 11] We affirm the district court's order continuing treatment for M.S.
[¶ 12] VANDE WALLE, C.J., and KAPSNER, SANDSTROM and MARING, JJ., concur.