2001 ND 203

**In the Interest of D.P.**

**Sylvia Williams, Petitioner
and Appellee,**

v.

**D.P., Respondent and Appellant.**

No. 20010285.

Supreme Court of North Dakota.

Dec. 20, 2001.

Eric P. Baumann of Kropp Law Offices, Jamestown, ND, for respondent and appellant.

Daniel D. Narum, Assistant State's Attorney, LaMoure, ND, for petitioner and appellee.

NEUMANN, Justice.

[¶ 1]   D.P. appeals from an involuntary treatment order committing him to the North Dakota State Hospital for ninety days.  We affirm in part, reverse in part, and remand for a hearing on whether a less restrictive alternative treatment is appropriate.

I

[¶ 2]   On October 19, 2001, a treatment hearing was held in the district court to decide whether D.P. should be committed to the North Dakota State Hospital for treatment.  The district court concluded D.P. is a person requiring treatment.  The district court found D.P. is mentally ill and suffers from delusions that law enforcement is a threat to both him and his family, and that his wife and brother are a threat to him.  These findings were based on the testimony of Nadeen Haider, M.D., D.P.'s treating psychiatrist, D.P.'s brother, and the sheriff who initially committed D.P. The district court also found that if D.P. was not treated, he posed a serious risk of harm to himself or others, and hospitalization would be the only adequate treatment program to meet D.P.'s needs. Based on these findings, the district court entered an involuntary treatment order committing D.P. to the North Dakota State Hospital for a period not to exceed ninety days.   D.P. appeals, arguing the district court erred in concluding he was a person requiring treatment under

N.D.C.C. § 25–03.1–02(11), and by failing to order alternative treatment. D.P. contends the district court's findings that he is mentally ill and poses a risk of harm to others if he is not hospitalized are not supported by clear and convincing evidence.

## II

■■■ [¶ 3] In involuntary commitment cases, our scope of review is limited to a review of the procedures, findings, and conclusions of the lower court. *In the Interest of H.G.*, 2001 ND 142, ¶ 3, 632 N.W.2d 458. To balance the compelling interests of protecting a mentally ill person and of preserving that person's liberty, district courts are required to use a clear and convincing standard of proof, while this Court uses a more probing clearly erroneous standard of review. *In the Interest of J.K.*, 1999 ND 182, ¶ 10, 599 N.W.2d 337. A district court's finding that a person requires treatment is a finding of fact and will not be set aside unless it is clearly erroneous. *Id.* A district court's finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, although there is some evidence to support it, on the entire evidence this Court is left with a definite and firm conviction a mistake has been made. *H.G.*, 2001 ND 142, ¶ 3, 632 N.W.2d 458.

## III

■■ [¶ 4] D.P. argues the district court erred in finding he is a person requiring treatment under N.D.C.C. § 25–03.1–02(11). Before the district court can issue an involuntary treatment order, the petitioner has the burden to prove by clear and convincing evidence that the respondent is a person requiring treatment. *In the Interest of C.W.*, 552 N.W.2d 382, 383 (N.D.1996). Section 25–03.1–02(11),

N.D.C.C., defines "person requiring treatment" as:

[A] person who is mentally ill or chemically dependent, and there is a reasonable expectation that if the person is not treated there exists a serious risk of harm to that person, others, or property. "Serious risk of harm" means a substantial likelihood of:

a. Suicide, as manifested by suicidal threats, attempts, or significant depression relevant to suicidal potential;

b. Killing or inflicting serious bodily harm on another person or inflicting significant property damage, as manifested by acts or threats;

c. Substantial deterioration in physical health, or substantial injury, disease, or death, based upon recent poor self-control or judgment in providing one's shelter, nutrition, or personal care; or

d. Substantial deterioration in mental health which would predictably result in dangerousness to that person, others, or property, based upon acts, threats, or patterns in the person's treatment history, current condition, and other relevant factors.

■ [¶ 5] In order to be a person requiring treatment under N.D.C.C. § 25–03.1–02(11) it must be shown by clear and convincing evidence that the person is mentally ill, and there exists a reasonable expectation that if the person is not hospitalized, there exists a serious risk of harm to himself, others, or property. *J.K.*, 1999 ND 182, ¶ 11, 599 N.W.2d 337.

■ [¶ 6] Under the first part of the test, the district court found, by clear and convincing evidence, that D.P. was mentally ill because D.P. suffered from delusions that law enforcement was a threat to both him and his family, and his family was a

threat to him. The district court's findings were based on the testimony of Dr. Haider, D.P.'s psychiatrist, who testified D.P. suffered from schizoaffective disorder depressed type. Dr. Haider based his diagnosis on interviews with D.P. and a review of D.P.'s medical record. D.P. did not present a mental health expert to refute the medical testimony presented at the hearing. The district court's acceptance of unrefuted expert testimony showing D.P. is mentally ill is not clearly erroneous. *See J.K.,* 1999 ND 182, ¶ 13, 599 N.W.2d 337. We conclude clear and convincing evidence existed to support the district court's finding that D.P. was mentally ill.

[¶ 7] Once a person is found to be mentally ill, the district court must find there is a reasonable expectation that, if the person is not hospitalized, there exists a serious risk of harm to himself, others, or property. *In the Interest of R.N.,* 1997 ND 246, ¶ 11, 572 N.W.2d 820. The district court was required to find D.P. posed a serious risk of harm under one of the four factors listed in N.D.C.C. § 25–03.1–02(11). *See H.G.,* 2001 ND 142, ¶ 6, 632 N.W.2d 458. The petitioner conceded that the only evidence presented at trial addressed the risk of harm D.P. posed to others under N.D.C.C. § 25–03.1–02(11)(b). D.P. argues the district court erred in finding D.P. posed a risk of harm to others if he was not committed.

[¶ 8] The district court found that if D.P. was not treated, he posed a serious risk of harm to himself and others and a substantial likelihood of killing or inflicting serious bodily harm on another person. The district court's findings were based on the testimony describing the events on September 21, between D.P. and his family. D.P.'s brother testified D.P. became very agitated after a conversation with a law enforcement officer. D.P.'s wife was worried about D.P.'s condition and called

local law enforcement to come to the house and commit D.P. D.P. commented that "it's going down" and started taking inventory of firearms and ammunition. At this point, D.P.'s family, knowing law enforcement was on the way, physically subdued D.P. to prevent a confrontation.

[¶ 9] D.P. contends that absent an overt violent action or expressed intent to commit violence, there is no clear and convincing evidence to support a finding that he posed a serious risk of harm. Direct evidence of overt violence or an expressed intent to commit violence are not required. When one or more reasonable inferences can be drawn from credible evidence, this Court must accept the inferences drawn by the district court. *In the Interest of M.S.,* 1999 ND 117, ¶ 8, 594 N.W.2d 924. Based on the inferences drawn from D.P.'s brother's testimony, we conclude there was clear and convincing evidence to support the district court's finding that D.P. posed a serious risk of harm to others if he was not involuntarily committed.

[¶ 10] The district court's finding that D.P. is a person requiring treatment was not clearly erroneous because the finding was based on clear and convincing evidence showing D.P. is mentally ill and there exists serious risk of harm to himself or others.

IV

[¶ 11] D.P. argues the district court erred in failing to order a less-restrictive alternative treatment required by N.D.C.C. § 25–03.1–21(1). Section 25–03.1–21(1), N.D.C.C., provides:

Before making its decision in an involuntary treatment hearing, the court shall review a report assessing the availability and appropriateness for the respondent of treatment programs other than hospi-

talization which has been prepared and submitted by the state hospital or treatment facility. If the court finds that a treatment program other than hospitalization is adequate to meet the respondent's treatment needs and is sufficient to prevent harm or injuries which the individual may inflict upon the individual or others, the court shall order the respondent to receive whatever treatment other than hospitalization is appropriate for a period of ninety days.

[¶ 12] We have stated numerous times that our statutory procedures require that a mental health patient has a right to the least restrictive conditions necessary to achieve the purpose of treatment. *See, e.g., In the Interest of R.M.*, 555 N.W.2d 798, 800 (N.D.1996). To comply with the requirements of N.D.C.C. § 25–03.1–21(1), the district court is required to make a two-part inquiry: (1) whether a treatment program other than hospitalization is adequate to meet the individual's treatment needs, and (2) whether an alternative treatment program is sufficient to prevent harm or injuries which an individual may inflict on himself or others. *J.K.*, 1999 ND 182, ¶ 15, 599 N.W.2d 337. The district court must find, by clear and convincing evidence, that alternative treatment is not adequate or that hospitalization is the least restrictive alternative. *Id.* The district court's findings are critical not merely for purposes of our review, but also to ensure the basis for the district court's decision is clearly articulated, thereby demonstrating that the careful and serious consideration so clearly warranted in the context of an involuntary commitment proceeding has indeed been given. *In the Interest of Palmer*, 363 N.W.2d 401, 403 (N.D.1985).

[¶ 13] D.P. contends the district court erred in its finding, because the petitioner failed to present clear and convinc-

ing evidence that alternative treatment was not available or adequate to prevent harm to D.P. or others. The district court found that a treatment program other than hospitalization would not be adequate to meet D.P.'s needs or sufficient to prevent harm or injuries to D.P. or others. The only evidence presented at the hearing was Dr. Haider's response to a question of whether any less restrictive form of treatment existed. Dr. Haider stated, "We're currently exploring [less restrictive alternatives]. We have talked to him on considering the possibility such as transitional living home or Lisbon Soldiers Home, at this time it does not appear that such facilities would be adequate." Dr. Haider's comments indicate he was currently exploring other less restrictive treatment options for D.P. There was no mention of what options existed or why these potential options would not be appropriate for D.P.

[¶ 14] Dr. Haider prepared a report assessing the availability and appropriateness of alternative treatment concluding an alternative treatment program would not be sufficient because D.P. "does not feel he is ill, continues to stabilize." The report was apparently filed with the petition for involuntary commitment, but was not offered into evidence at the hearing. There is no evidence in the record to indicate whether the district court considered the report when concluding no alternative treatment program existed.

[¶ 15] The district court's finding that no less restrictive alternative treatment existed for D.P. is not supported by clear and convincing evidence. Accordingly, that portion of the district court's order is reversed, and this matter is remanded for a hearing on whether a less restrictive alternative treatment is available.

V

[¶ 16]   We affirm the district court's order finding D.P. is a mentally ill person requiring treatment, reverse its finding of no less restrictive alternative treatment, and remand for further proceedings to determine if a less restrictive alternative treatment is appropriate for D.P.

[¶ 17] WILLIAM A. NEUMANN, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, DALE V. SANDSTROM, JJ., and GERALD W. VANDE WALLE, C.J.