638 N.W.2d 45 (2002)
2002 ND 7
In the Interest of J.S.
William Pryatel, M.D., Petitioner and Appellee,
v.
J.S., Respondent and Appellant.
No. 20010314.
Supreme Court of North Dakota.
January 15, 2002.
*46 Charles J. Gilje (argued) and Kenneth L. Dalsted (on brief), Special Assistant Attorneys General, Gilje and Dalsted, Jamestown, ND, for petitioner and appellee.
Randall L. Hoffman, Jamestown, ND, for respondent and appellant.
VANDE WALLE, Chief Justice.
[¶ 1] J.S. appealed from a district court order authorizing his continued treatment at the North Dakota State Hospital for one year. J.S. alleges the district court was clearly erroneous in ordering continuing treatment. Further, J.S. alleges the district court was clearly erroneous in failing to adequately determine the least restrictive treatment as an alternative to hospitalization. We affirm the district court's order.
[¶ 2] This is J.S.'s seventh appeal to this Court from various mental health commitment or treatment orders. See In the Interest of J.S., 2001 ND 10, 621 N.W.2d 582 (J.S.VI); In the Interest of J.S., 1998 ND 92, 578 N.W.2d 91 (J.S.V); In the Interest of J.S., 545 N.W.2d 145 (N.D.1996) (J.S.IV); In the Interest of J.S., 530 N.W.2d 331 (N.D.1995) (J.S.III); In the Interest of J.S., 528 N.W.2d 367 (N.D.1995) (J.S.II); In the Interest of J.S., 499 N.W.2d 604 (N.D.1993) (J.S.I).
[¶ 3] J.S. has resided at the State Hospital since 1989, when he was admitted for the tenth time. He is a 65-year-old male who is diagnosed as a schizophrenic with psychotic behavior and symptoms. A petition to continue J.S.'s treatment was filed in the district court. On November 28, 2001, the district court heard arguments and testimony on the petition. At the conclusion of the hearing, the district court issued an order continuing J.S.'s treatment *47 at the State Hospital for a period of one year. J.S. timely appealed seeking expedited review in this Court as provided for by N.D.C.C. § 25-03.1-29; N.D.R.App.P. 2.1(a).
[¶ 4] "Our review of an appeal under N.D.C.C. ch. 25-03.1 is `limited to a review of the procedures, findings, and conclusions of the lower court.'" J.S. VI, 2001 ND 10, ¶ 4, 621 N.W.2d 582 (quoting J.S. V. 1998 ND 92, ¶ 13, 578 N.W.2d 91). "To balance the competing interests of protecting a mentally ill person and of preserving that person's liberty, our standards of decision require trial courts to use a clear and convincing standard of proof while we use a more probing `clearly erroneous' standard of review." J.S. III, 530 N.W.2d 331, 333 (N.D.1995). As we have explained in the past, "`we will affirm an order for involuntary treatment unless it is induced by an erroneous view of the law or if we are firmly convinced it is not supported by clear and convincing evidence.'" Id. (quoting In Interest of R.N., 513 N.W.2d 370, 371 (N.D.1994)).
[¶ 5] "Before a court can order the extension of a continuing-treatment order, it must find that the patient continues to be a `person requiring treatment,' as defined in NDCC 25-03.1-02(11)." J.S. IV, 545 N.W.2d 145, 147 (N.D.1996). "To make this finding, a two-part analysis is required: `(1) the court must find that the [patient] is mentally ill, and (2) the court must find that there is a reasonable expectation that, if not treated, there exists a serious risk of harm to the [patient], others, or property.'" Id. (quoting In Interest of K.J.L., 541 N.W.2d 698, 700 (N.D. 1996)). "If the court concludes that the patient continues to be a `person requiring treatment,' it must further find that `alternative treatment is not adequate and that hospitalization is the least restrictive alternative.'" Id. (quoting J.S. I, 499 N.W.2d at 606).
[¶ 6] Two expert witnesses, Robert Gulkin, Ph.D. and William Pryatel, M.D., testified at the hearing and submitted reports to the district court. Both testified J.S. had been diagnosed as a schizophrenic and diabetic. Both experts testified J.S. was resistant to taking his medication for both his mental and physical illnesses and would likely not take his medicine if he was not forced to do so. In fact, both experts stated in their reports filed with the court that J.S. has openly stated he will discontinue medication as soon as he is discharged. Further, both experts testified that without taking his diabetes medicine he would harm himself, and if J.S. did not take the medicine used to control his mental illness he may become a risk to others. As a result of J.S.'s resistance to medication, both experts concluded J.S. must be cared for in an inpatient program such as the one found at the State Hospital to ensure his continued medical treatment.
[¶ 7] A patient has the right to the least restrictive conditions necessary to achieve the treatment purposes. N.D.C.C. § 25-03.1-40(2). "`In some cases, a reporting doctor may reasonably conclude that less restrictive alternatives to hospitalization simply do not exist.'" J.S. VI, 2001 ND 10 ¶ 16, 621 N.W.2d 582 (quoting J.S. IV, 545 N.W.2d 145, 148 (N.D.1996)). This is such a case. The experts agree that J.S. should be held against his will in an in-patient treatment program.
[¶ 8] Accordingly, we affirm the extension of the continuing-treatment order.
[¶ 9] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, WILLIAM A. NEUMANN and DALE V. SANDSTROM, JJ., concur.