667 N.W.2d 641 (2003)
2003 ND 138
In the Interest of J.S.
William Pryatel, M.D., Petitioner and Appellee,
v.
J.S., Respondent and Appellant.
No. 20030210.
Supreme Court of North Dakota.
August 20, 2003.
*642 Leo Albert Ryan, Special Assistant Attorney General, Jamestown, N.D., for petitioner and appellee.
Thomas John Glass, Jamestown, N.D., for respondent and appellant.
NEUMANN, Justice.
[¶ 1] J.S. appealed from a district court order authorizing his continued treatment at the North Dakota State Hospital for one year, until June 11, 2004, or until further order of the court. We conclude the district court's finding that less restrictive alternative treatment for J.S. is inappropriate at this time is supported by clear and convincing evidence and is not clearly erroneous. We affirm.
[¶ 2] J.S. has lived at the State Hospital in Jamestown since October 6, 1989, and the history of his mental and physical illnesses is documented in numerous appeals to this Court. See In the Interest of J.S., 2002 ND 7, 638 N.W.2d 45; In the Interest of J.S., 2001 ND 25, 625 N.W.2d 264; In the Interest of J.S., 2001 ND 10, 621 N.W.2d 582; In the Interest of J.S., 1998 ND 92, 578 N.W.2d 91; In the Interest of J.S., 545 N.W.2d 145 (N.D.1996); In the Interest of J.S., 530 N.W.2d 331 (N.D. 1995); In the Interest of J.S., 528 N.W.2d 367 (N.D.1995); In the Interest of J.S., 499 N.W.2d 604 (N.D.1993). J.S. has been diagnosed as a paranoid schizophrenic with psychotic behavior. He also has Type II diabetes and high blood pressure. He is given weekly intramuscular injections of haldol decanoate for his mental illness and daily injections of insulin to control his diabetes. Oral medication with fewer side effects could be given instead of the weekly injections, but J.S. refuses to take oral medication because he does not believe he has mental or physical illnesses.
[¶ 3] On December 12, 2002, the district court, following a hearing on the petition for continuing treatment, found J.S. continues to be mentally ill, is a person requiring treatment, and a less restrictive alternative to hospitalization is not appropriate or available. However, because of the length of time J.S. has been a patient at the State Hospital and because no detailed report had been presented at the hearing assessing the appropriateness and availability of less restrictive treatment options other than hospitalization, the district court ordered the State Hospital and J.S.'s guardian to file by April 10, 2003, "a detailed written report summarizing past treatment provided [J.S.] at the NDSH and all possible less restrictive treatment options with conclusions on what types of treatment are available and appropriate for [J.S.]." The court made its continuing treatment order effective until June 11, 2003. Two psychologists timely filed a seven-page report, which was concurred in by J.S.'s guardian, concluding the State Hospital is the only available treatment option for J.S. at this time. Dr. Bayani Alberto Abordo, a psychiatrist at the State Hospital, testified at J.S.'s hearing on June 11, 2003, and also opined that less restrictive alternative treatment is not appropriate *643 or available. J.S. presented no evidence at the hearing. The district court found J.S. continues to be mentally ill and there are no less restrictive treatment alternatives available than the State Hospital.
[¶ 4] On appeal, J.S. challenges only the district court's failure to order less restrictive alternative treatment. In In the Interest of D.Z., 2002 ND 132, ¶ 10, 649 N.W.2d 231, we said:
When an individual is found to be a person requiring treatment he has the right to the least restrictive conditions necessary to achieve the purposes of the treatment. In re J.K., 1999 ND 182, ¶ 15, 599 N.W.2d 337; N.D.C.C. §§ 25-03.1-21 and 25-03.1-40(2). The court must make a two-part inquiry: (1) whether a treatment program other than hospitalization is adequate to meet the individual's treatment needs; and (2) whether an alternative treatment program is sufficient to prevent harm or injuries which the individual may inflict upon himself or others. In re J.K., at ¶ 15. The court must find by clear and convincing evidence that alternative treatment is not adequate or hospitalization is the least restrictive alternative. Id. This Court will not set aside the trial court's findings unless they are clearly erroneous. Id.

[¶ 5] The psychologists' report stated J.S. "suffers from paranoid schizophrenia which is so severe that he is unable to accept or believe the information provided to him by the professional staff at the hospital," "does not appear to be any closer to recognizing that he has a serious mental illness today than he was when first admitted," and "is not accepting of his diabetic condition either." The psychologists reported J.S. sporadically threatens others, including a nurse who informed him he had high blood sugars, contrary to his belief that he is not diabetic. The psychologists said J.S. frequently tells staff at the hospital that he will kill himself if he is discharged on medication. The psychologists acknowledged that "[w]hile the level of functioning that [J.S.] currently displays within the hospital would allow him to be discharged even though he remains psychotic, his insistence upon not taking medication after discharge prevents any plans for possible placement from advancing." The psychologists explained J.S. "does not screen for placement" at a basic care facility, nursing home, or transitional living facility because, under North Dakota guidelines, medication compliance is a prerequisite for consideration. The psychologists concluded J.S. "has effectively prevented the exploration of any options for placement, and none will become available until the issue of his medication compliance is resolved," and "[g]iven [J.S.'s] continued adherence to the belief that he is not mentally ill and not in need of medication, NDSH remains the only available option for him at this time." Dr. Abordo acknowledged at the hearing there exist less restrictive treatment facilities that would be able to offer intramuscular injections of medications. However, Dr. Abordo testified, because J.S. threatens to kill himself if he has to take medications after discharge, "[w]e have had no takers."
[¶ 6] We conclude the district court's finding that no less restrictive alternative treatment is appropriate for J.S. at this time is supported by the evidence and is not clearly erroneous.
[¶ 7] The order is affirmed.
[¶ 8] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.