2004 ND 159
**In the Interest of J.S.**

**Bayani Alberto Y. Abordo, M.D., Petitioner and Appellee**

v.

**J.S., Respondent and Appellant.**
**No. 20040183.**

Supreme Court of North Dakota.

Aug. 4, 2004.

Leo A. Ryan, Special Assistant Attorney General, Jamestown, ND, for petitioner and appellee.

Jodie Koch Scherr, Valley City, ND, for respondent and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] J.S. appealed from a district court order authorizing his continued treatment at the North Dakota State Hospital ("State Hospital") until June 9, 2005, a period of one year, or until further order of the court. We affirm.

I

[¶ 2] This is J.S.'s tenth appeal from various mental health commitment or treatment orders. *See In the Interest of J.S.*, 2003 ND 138, 667 N.W.2d 641 ("*J.S.IX*"); *In the Interest of J.S.*, 2002 ND 7, 638 N.W.2d 45; *In the Interest of J.S.*, 2001 ND 25, 625 N.W.2d 264; *In the Interest of J.S.*, 2001 ND 10, 621 N.W.2d 582; *In the Interest of J.S.*, 1998 ND 92, 578 N.W.2d 91; *In the Interest of J.S.*, 545 N.W.2d 145 (N.D.1996); *In the Interest of J.S.*, 530 N.W.2d 331 (N.D.1995); *In the Interest of J.S.*, 528 N.W.2d 367 (N.D. 1995); *In the Interest of J.S.*, 499 N.W.2d 604 (N.D.1993).

[¶ 3] J.S. has lived at the State Hospital in Jamestown since October 1989, and has been diagnosed as suffering from paranoid schizophrenia, Type II diabetes, and hypertension. He receives injections of haldol decanoate to treat his mental illness and insulin to treat his diabetic condition. In May 2004, Dr. Bayani Alberto Y. Abordo petitioned the district court for a continuing treatment order requiring J.S. to remain at the State Hospital for another year. A hearing on the petition was held June 9, 2004, in which the district court concluded J.S. continues to be mentally ill and requires further treatment at the State Hospital.

[¶ 4] On appeal, J.S. contends he cannot be forced to take medication under the continuing treatment order and the district court erred by not ordering the least restrictive alternative treatment.

## II

[¶ 5]   In an appeal from a continuing treatment order, our review is "limited to a review of the procedures, findings, and conclusions of the lower court." N.D.C.C. § 25–03.1–29. Under N.D.C.C. § 25–03.1–18.1(1)(a), a request for court-authorized involuntary treatment with prescribed medication "may be considered by the court in an involuntary treatment hearing."   However, the petitioner did not seek such an order in this case, and the district court did not make any findings regarding involuntary treatment of J.S. with prescribed medications.   Therefore, J.S.'s first issue is not properly before us.

[¶ 6]   Because forced medication was not requested at the hearing or in the petition for continuing treatment, the record is unclear regarding whether J.S. is voluntarily or involuntarily receiving his medications at this time.   This record does not contain an order authorizing involuntary treatment of J.S. with prescribed medication. *See* N.D.C.C. § 25–03.1–18.1.

## III

[¶ 7]   The remaining issue before us on appeal is J.S.'s contention that the district court erred by not ordering the least restrictive alternative treatment. The district court found less restrictive alternative treatment was not appropriate for J.S. Concluding this finding is not clearly erroneous, we summarily affirm the continuing treatment order under N.D.R.App.P. 35.1(a)(2).   *See J.S. IX*, 2003 ND 138, ¶ 6, 667 N.W.2d 641 (holding the district court's finding that no less restrictive alternative treatment was appropriate for J.S. was supported by the evidence, similar to the evidence presented in this appeal, and not clearly erroneous).

[¶ 8]   The continuing treatment order is affirmed.

[¶ 9] DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.