2006 ND 143

**In the Interest of J.S.**

**Daisy Van Valkenburg, M.D., Petitioner and Appellee**

v.

**J.S., Respondent and Appellant.**

**No. 20060156.**

Supreme Court of North Dakota.

June 29, 2006.

Leo A. Ryan, Special Assistant Attorney General, Jamestown, N.D., for petitioner and appellee.

Jodie Koch Scherr, Valley City, N.D., for respondent and appellant.

SANDSTROM, Justice.

[¶ 1] J.S. appeals the district court's treatment order continuing his hospitalization in the North Dakota State Hospital for one year. He argues the district court erred by not ordering a less restrictive alternative treatment. Holding that the district court did not err, we affirm.

I

[¶ 2] J.S., a 69–year–old male, has been a State Hospital patient since 1989. He is diagnosed with chronic paranoid schizophrenia, tardive dyskinesia, Type II diabetes, hypertension, and arthritis. He receives injections of Risperidone Consta, an anti-psychotic medication, for his schizophrenia; insulin to treat his diabetes; and prescription and over-the-counter medications to treat his hypertension and arthritis. This is J.S.'s eleventh appeal related to his hospitalization in the State

Hospital. *Interest of J.S.*, 2004 ND 159, 684 N.W.2d 657; *Interest of J.S.*, 2003 ND 138, 667 N.W.2d 641; *Interest of J.S.*, 2002 ND 7, 638 N.W.2d 45; *Interest of J.S.*, 2001 ND 25, 625 N.W.2d 264; *Interest of J.S.*, 2001 ND 10, 621 N.W.2d 582; *Interest of J.S.*, 1998 ND 92, 578 N.W.2d 91; *Interest of J.S.*, 545 N.W.2d 145 (N.D. 1996); *Interest of J.S.*, 530 N.W.2d 331 (N.D.1995); *Interest of J.S.*, 528 N.W.2d 367 (N.D.1995); *Interest of J.S.*, 499 N.W.2d 604 (N.D.1993).

[¶ 3] In April 2006, Daisy Van Valkenburg, M.D., employed with the State Hospital, petitioned to continue J.S.'s hospitalization for one year. According to the State Hospital, treatment other than hospitalization was unavailable because J.S. would not "cooperate with any community placement" and because he would be a danger to himself or others. After a hearing on the petition, the district court, finding J.S. was a danger to himself and others and no alternative to hospitalization was available, ordered J.S.'s hospitalization be continued for one year.

[¶ 4] On appeal, J.S. argues the district court erred by not ordering a less restrictive treatment alternative. Dr. Van Valkenburg argues the district court did not err.

[¶ 5] The district court had jurisdiction under N.D.C.C. § 25–03.1–03. The appeal was timely under N.D.R.App.P. 2.1(a) and N.D.C.C. § 25–03.1–29. This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 25–03.1–29.

## II

[¶ 6] A person in need of treatment is entitled to the least restrictive treatment that will meet the person's treatment needs. N.D.C.C. § 25–03.1–21(1). "To comply with the requirements of N.D.C.C. § 25–03.1–21(1), the district court is required to make a two-part inqui-ry: (1) whether a treatment program other than hospitalization is adequate to meet the individual's treatment needs, and (2) whether an alternative treatment program is sufficient to prevent harm or injuries which an individual may inflict on himself or others." *Interest of D.P.*, 2001 ND 203, ¶ 12, 636 N.W.2d 921. "The court must find by clear and convincing evidence that alternative treatment is not adequate or hospitalization is the least restrictive alternative." *Interest of D.Z.*, 2002 ND 132, ¶ 10, 649 N.W.2d 231. "In some cases, a reporting doctor may reasonably conclude that less restrictive alternatives to hospitalization simply do not exist." *J.S.*, 545 N.W.2d at 148. We apply a "more probing clearly erroneous standard" when reviewing a continuing treatment order. *J.S.*, 2002 ND 7, ¶ 4, 638 N.W.2d 45. "Under this more probing standard, 'we will affirm an order . . . unless it is induced by an erroneous view of the law or if we are firmly convinced it is not supported by clear and convincing evidence.'" *Interest of M.M.*, 2005 ND 219, ¶ 9, 707 N.W.2d 78 (quoting *Interest of P.B.*, 2005 ND 201, ¶ 5, 706 N.W.2d 78). We will not set aside the district court's findings of fact unless they are clearly erroneous. *Interest of D.P.*, at ¶ 3. "A district court's finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, although there is some evidence to support it, on the entire evidence this Court is left with a definite and firm conviction a mistake has been made." *Id.*

[¶ 7] Alan Broadhead, M.D., a psychiatrist with the State Hospital, testified for the State Hospital that J.S. accepts his medication at the State Hospital but that the day before the hearing J.S. said he does not need the medication and will not take it if he is discharged. Dr. Broadhead testified J.S. does not believe he has diabe-

tes or needs insulin to treat it. He testified J.S. does not believe he is mentally ill or in need of treatment.

[¶ 8] Regarding J.S.'s risk of harm to himself and others, Dr. Broadhead testified, "If he was not treated there would be a great likelihood of a relapse back into the florid delusional thinking which precipitates violent outbursts, threats to himself and to others, [and] threats to himself for not caring for the diabetes which he doesn't believe he has." He testified that if J.S.'s diabetes were not treated, the "likely result is that he would fairly quickly go into diabetic coma ... and it can be a life threatening situation." Dr. Broadhead also testified that a relapse of his mental condition would endanger others. According to Dr. Broadhead, less restrictive treatment would require J.S. to take some responsibility for his mental illness and diabetes, but J.S. would not cooperate with anything less restrictive.

[¶ 9] J.S. testified on his own behalf. He testified he does not believe he has an illness. He testified he would not take medication if he were not forced to take it. He testified he wants the court to "take me off all the medicine and send me home."

[¶ 10] The evidence presented at the hearing reflects that if J.S. will not take medication on his own, then he cannot safely be released into any less restrictive treatment. If he does not receive treatment for his schizophrenia, he faces a substantial likelihood of becoming violent and a danger to himself or others. J.S. also testified he does not believe he has any illnesses and would not take any medications if he were released. Without his insulin, J.S. would likely fall into a diabetic coma, which could be fatal. His hypertension would also be a greater concern if he stopped taking medication for it. Therefore, the district court did not err when it found hospitalization was the least restrictive alternative.

[¶ 11] J.S. has been a State Hospital patient for an extraordinarily long period. The State Hospital must continue to seek treatment that meets J.S.'s needs and regularly review those needs. The evidence presented, however, reflects that the State Hospital is providing treatment currently in its power and does regularly review J.S.'s needs. Although the State Hospital needs to strive for treatments, including new and better treatments, that meet the needs of its patients, we cannot order a less restrictive alternative for J.S. when all the evidence presented, including J.S.'s own testimony, reflects that J.S. would not accept treatment for his conditions and would be a danger to himself and others.

### III

[¶ 12] We affirm the district court's continuing treatment order.

[¶ 13] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, concur.