698 N.W.2d 474 (2005)
2005 ND 116
In the Interest of D.A.
North Dakota State Hospital, Petitioner and Appellee
v.
D.A., Respondent and Appellant.
No. 20050174.
Supreme Court of North Dakota.
June 22, 2005.
*475 Thomas E. Merrick, Jamestown, N.D., for respondent and appellant.
Leo A. Ryan, Special Assistant Attorney General, Jamestown, N.D., for petitioner and appellee.
MARING, Justice.
[¶ 1] D.A. appeals from the trial court's order authorizing the North Dakota State Hospital to treat him involuntarily with medication until July 12, 2005. We affirm.

I
[¶ 2] D.A. has been diagnosed with gender identity disorder, mood disorder, alcohol dependence, and borderline personality disorder. On August 26, 2004, the trial court ordered D.A. to undergo alternative treatment at the Dakota Pioneer Crisis Unit for one year. On September 21, 2004, the trial court determined D.A. was not complying with the alternative treatment order, terminated the order, and required D.A. to be hospitalized at the State Hospital for the remainder of the one-year commitment, or until further court order.
[¶ 3] On January 25, 2005, the trial court ordered less restrictive treatment, requiring D.A. to undergo treatment at the Men's Transitional Living Home on the State Hospital campus until August 25, 2005. The trial court specifically required D.A.: (1) reside at the Men's Transitional Living Home; (2) cooperate with the rules and regulations of the Men's Transitional Living Home; (3) not consume alcoholic beverages; and (4) take medications as prescribed.
[¶ 4] On March 17, 2005, D.A. was returned to the State Hospital after he skipped work, consumed alcohol, got into a scuffle with police, and was briefly incarcerated. During this incident, D.A. made suicidal statements and became agitated to the point of requiring restraints. On March 18, 2005, State Hospital officials filed an application for emergency admission and notice of detention with the trial court. The application described the incident, noting D.A. was in jail for drinking, not taking his medication, being harmful to others, and fighting with police and staff. The application also recommended D.A. be hospitalized for the remainder of his commitment.
[¶ 5] On March 31, 2005, D.A. again left the State Hospital without permission for several hours. During this absence, D.A. consumed several beers at a bar before being returned to the State Hospital.
[¶ 6] On April 5, 2005, Dr. William Pryatel, D.A.'s treating physician, and Dr. Diana Robles, an independent examiner and licensed psychiatrist, submitted a request to treat D.A. with proposed medication, specifically Risperdal and Haloperidol. D.A. had previously been prescribed Seroquel, an anti-psychotic drug available only in oral form. The doctors requested the authority to treat D.A. with Risperdal *476 and Haloperidol, injectable drugs with similar efficacy to Seroquel, to serve "as a back up" in case D.A. again refused the oral medication. The doctors asserted the proposed medications are clinically appropriate and necessary to treat D.A.; a reasonable expectation exists that if D.A. is not treated as proposed, a serious risk of harm to D.A., other persons, or property exists; D.A. was offered the medication and refused it; the proposed medication is the least restrictive intervention necessary to meet D.A.'s treatment needs; and, the benefits of the medication outweigh the known risks.
[¶ 7] Following a hearing, the trial court terminated the January 25, 2005, order for less restrictive treatment and ordered D.A. be hospitalized at the State Hospital until August 25, 2005, the remainder of the one-year commitment, or until further court order. The trial court also issued an Order to Treat with Medication, granting the State Hospital the authority to medicate D.A. involuntarily with Risperdal and Haloperidol for a period not to exceed ninety days from the date of the hearing.
[¶ 8] D.A. appeals the Order to Treat with Medication.

II
[¶ 9] On appeal, D.A. argues that because he had been taking Seroquel and other prescribed medications without incident for approximately two weeks at the time of the hearing, and because no evidence in the record shows he refused to take either Risperdal or Haloperidol, he has not refused treatment under N.D.C.C. § 25-03.1-18.1(1)(a)(2). He further argues Haloperidol should not be included in the Order to Treat with Medication because he previously used Haloperidol and it caused severe, uncontrollable muscle movements, leaving him unable to communicate. The State Hospital argues D.A. did refuse medication necessary to his treatment and the trial court's Order to Treat with Medication is necessary to continue D.A.'s treatment if he again refuses prescribed medication.
[¶ 10] Under N.D.C.C. § 25-03.1-18.1(1)(a), before a trial court authorizes involuntary treatment with prescribed medication, the treating psychiatrist and another licensed physician must certify, and the court must find by clear and convincing evidence:
(1) That the proposed prescribed medication is clinically appropriate and necessary to effectively treat the patient and there is a reasonable expectation that if the person is not treated as proposed there exists a serious risk of harm to that person, other persons, or property;
(2) That the patient was offered that treatment and refused it or that the patient lacks the capacity to make or communicate a responsible decision about that treatment;
(3) That prescribed medication is the least restrictive form of intervention necessary to meet the treatment needs of the patient; and
(4) That the benefits of the treatment outweigh the known risks to the patient.
The court must consider all relevant evidence presented, including:
(1) The danger the patient presents to self or others;
(2) The patient's current condition;
(3) The patient's treatment history;
(4) The results of previous medication trials;
(5) The efficacy of current or past treatment modalities concerning the patient;
(6) The patient's prognosis; and

*477 (7) The effect of the patient's mental condition on the patient's capacity to consent.
N.D.C.C. § 25-03.1-18.1(2)(a). Further, medication may not be imposed solely for punishment or for the convenience of the hospital's staff. N.D.C.C. § 25-03.1-18.1(2)(b).
[¶ 11] This Court's review of an appeal under N.D.C.C. ch. 25-03.1 is limited to a review of the procedures, findings, and conclusions of the trial court. In the Interest of J.D., 2002 ND 50, ¶ 13, 640 N.W.2d 733. Balancing the competing interests of protecting a mentally ill person and preserving that person's liberty, requires trial courts to use a clear and convincing standard of proof while we use the more probing clearly erroneous standard of review. Id. A trial court's finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, although there is some evidence to support it, on the entire evidence this Court is left with a definite and firm conviction "it is not supported by clear and convincing evidence." Id. (quoting In Interest of R.N., 513 N.W.2d 370, 371 (N.D.1994)).
[¶ 12] D.A. argues that because he was taking other prescribed medications without incident for approximately two weeks at the time of the hearing, and because no evidence in the record shows he refused to take either Risperdal or Haloperidol, he has not refused treatment under N.D.C.C. § 25-03.1-18.1(1)(a)(2).
[¶ 13] We have previously affirmed a trial court's order authorizing treatment with a number of different medications, including Lithium, Geodone, Seroquel, Prolixin, Haldol, and Olanzapine under N.D.C.C. § 25-03.1-18.1. See In Interest of D.Z., 2002 ND 132, ¶¶ 14-16, 649 N.W.2d 231. In that case, the treating physician and board certified psychiatrist testified they did not seek to use all of the medications simultaneously, but only those that provided the most benefit, least side effects and that were best tolerated. Id. We have concluded a trial court must specify the medication to be involuntarily administered, at least by generic name, in its order for involuntary medication. Arevalo v. J.S., 528 N.W.2d 367, 369 (N.D.1995).
[¶ 14] Here, Dr. Pryatel, D.A.'s treating physician, and Dr. Robles, the appointed independent examiner, properly requested court authorization to treat D.A. specifically with Risperdal and Haloperidol, which are anti-psychotic medications. Dr. Pryatel testified D.A. had a history of being noncompliant relative to medication and had specifically refused Seroquel, an anti-psychotic medication. He further testified Seroquel is available only in oral form. Dr. Pryatel sought the medication order to treat D.A. with Risperdal and Haloperidol, injectable drugs with similar efficacy to Seroquel, to serve "as a back up" if D.A. again refused to take Seroquel. D.A., by refusing to take Seroquel, the oral equivalent of the prescribed anti-psychotic medication, has refused the type of medication necessary to his treatment. Dr. Pryatel testified it was clinically appropriate and necessary to treat D.A. with the prescribed medication, the prescribed medication was the least restrictive form of treatment necessary to meet D.A.'s needs, and the benefits of the treatment outweigh known risks. The trial court found the statutory factors were proven by clear and convincing evidence, and we conclude from the significant evidence in the record the trial court's finding is not clearly erroneous. Further, although D.A. was taking the Seroquel at the time of the hearing, we believe a mistake was not made in authorizing the use of Risperdal and Haloperidol, in light of the recent history of refusal of Seroquel and the relative *478 brevity of the ninety-day Order to Treat with Medication.

III
[¶ 15] D.A. argues Haloperidol should not be included in the Order to Treat with Medication because he previously used Haloperidol and it caused severe, uncontrollable muscle movements, leaving him unable to communicate. D.A. has a right to be free of unnecessary medication. N.D.C.C. § 25-03.1-40(10). The forced medication statute is "`designed to safeguard a patient's right to be free of forced medication unless the prescribed medication is necessary to effectively treat the patient, unless the medication is the least restrictive form of intervention available for the patient's treatment, and unless the benefits of the medication outweigh its known risks to the patient.'" In the Interest of R.A.J., 554 N.W.2d 809, 812 (N.D. 1996) (quoting State v. Nording, 485 N.W.2d 781, 787 (N.D.1992)). D.A. asserts that because there was no expert testimony refuting his claim of adverse side effects and because Risperdal performs the same function, the inclusion of Haloperidol in the order is clearly erroneous. "The statute calls for the least restrictive form of intervention, not the least intrusive form of intervention." Interest of R.A.J., at 812. Dr. Pryatel's testimony addressed the potential side effects of the requested medication. He noted the benefits outweigh the risks, and the injectable forms of the anti-psychotic drugs were necessary only if D.A. refused to take the oral form of the medication. Dr. Pryatel further testified that neither Risperdal nor Haloperidol would be used if D.A. continued to take the Seroquel orally. The trial court's inclusion of Haloperidol in the Order for Treatment with Medication is supported by the evidence and is not clearly erroneous.

IV
[¶ 16] We affirm the trial court's order authorizing the State Hospital to medicate D.A. involuntarily with Risperdal and Haloperidol until July 12, 2005.
[¶ 17] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.