Filed 5/15/08 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2008 ND 86

Interest of T.E.

Daisy Van Valkenburg, M.D., Petitioner and Appellee

v.

T.E., Respondent and Appellant

No. 20080034

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable John E. Greenwood, Judge.

REVERSED.

Opinion of the Court by Kapsner, Justice.

Jodi A. Bass, Special Assistant Attorney General, 208 Second Avenue SW, P.O. Box 1727, Jamestown, ND 58401, for petitioner and appellee; submitted on brief.

Steven T. Ottmar, 226 Second Avenue SW, P.O. Box 1397, Jamestown, ND 58402-1397, for respondent and appellant; submitted on brief.

Interest of T.E.

No. 20080034

Kapsner, Justice.

[¶1] T.E. appeals a district order granting involuntary treatment with prescribed medication at the North Dakota State Hospital.  Because the district court did not make a necessary finding in its order, we reverse.

I

[¶2] In April 2007, T.E. was admitted to the State Hospital after becoming disruptive while incarcerated at the Cass County Jail.  The physician who admitted T.E. to the State Hospital diagnosed T.E. with elective mutism and psychotic disorder not otherwise specified.  T.E. has been admitted to the State Hospital on seven prior occasions, beginning in 1981, and had previously been diagnosed with schizophrenia and paranoid personality disorder.

[¶3] During T.E.’s most recent admission to the State Hospital, T.E. eventually refused to take his prescription medication.  On June 1, 2007, the Cass County District Court issued an order granting the State Hospital’s request to involuntarily treat T.E. with prescription medication.  This forced medication order was effective through August 9, 2007, and T.E. began taking his medication June 13, 2007, in accordance with the district court’s order.  In July 2007, Dr. William Pryatel, a State Hospital staff psychiatrist, filed a petition for continuing involuntary treatment at the State Hospital and a request to involuntarily treat T.E. with prescription medication.  On August 22, 2007, following a hearing, the Stutsman County District Court found T.E. to be mentally ill and a person requiring treatment.  The district court issued an order involuntarily committing T.E. to the State Hospital for a period of one year or until further order of the court.  Along with the one-year continuing commitment, the district court granted the State Hospital’s request to involuntarily treat T.E. with prescription medication until November 20, 2007.  Both the August 22, 2007, continuing one-year commitment and forced medication orders arose out of one hearing.  T.E. appealed the August 22, 2007, involuntary medication order, and this Court affirmed the order in 
Interest of T.E.
, 2007 ND 166, 740 N.W.2d 100, finding the district court had complied with all requirements under N.D.C.C. § 25-03.1-18.1, which govern the issuance of an order for forced medication, including the requirement that the district court find the patient to be “a person requiring treatment” under N.D.C.C. § 25-03.1-18.1(1)(a)(1).

[¶4] On October 31, 2007, Dr. Daisy Van Valkenburg, a State Hospital staff psychiatrist, filed a request to involuntarily treat T.E. with prescription medication.  The district court conducted a hearing and, on January 4, 2008, granted an order to involuntarily treat T.E. with prescription medication until April 1, 2008.  However, the district court’s January 4, 2008, order for involuntary medication, unlike the August 22, 2007, forced medication order for involuntary medication, did not contain a finding that T.E. was a person requiring treatment.  Rather, the district court’s order to treat with medication stated, in relevant part:

The Court . . . hereby determines and finds that the Respondent lacks the capacity to make a responsible decision about his treatment and the prescribed medication is clinically appropriate and necessary to effectively treat the Respondent, the prescribed medication is the least restrictive form of intervention necessary to meet the treatment needs of the Respondent; and the benefits of the treatment outweigh[] the known risks to the patient.

[¶5] T.E. appeals, arguing the district court erred in failing to find T.E. was a person requiring treatment in its January 4, 2008, order for involuntary treatment with medication.

II

[¶6] “The interpretation of a statute is a question of law, which is fully reviewable on appeal.”  
Interest of P.F.
, 2008 ND 37, ¶ 11, 744 N.W.2d 724 (citing 
Estate of Elken
, 2007 ND 107, ¶ 7, 735 N.W.2d 842).  The primary objective in interpreting a statute is to determine legislative intent.  
Id.
 (citations omitted).  “If the language of a statute is clear and unambiguous, ‘the letter of [the statute] is not to be disregarded under the pretext of pursuing its spirit.’”  
Id.
 (citing N.D.C.C. § 1-02-05) (alterations in original).  “We construe statutes to give effect to all their provisions, so that no part of the statute is rendered inoperative or superfluous.”  
Id.
 (citing N.D.C.C. § 1-02-38(2) and (4)).

[¶7] Before a district court may order involuntary treatment with medication, the court must find, by clear and convincing evidence, that the patient meets all four factors listed under N.D.C.C. § 25-03.1-18.1(1)(a):

(1) That the proposed prescribed medication is clinically appropriate and necessary to effectively treat the patient and that the patient is a person requiring treatment;

(2) That the patient was offered that treatment and refused it or that the patient lacks the capacity to make or communicate a responsible decision about that treatment;

(3) That prescribed medication is the least restrictive form of intervention necessary to meet the treatment needs of the patient; and 

(4) That the benefits of the treatment outweigh the known risks to the patient.

N.D.C.C. § 25-03.1-18.1(3).  
See also
 
In re M.M.
, 2005 N.D. 219, ¶ 9, 707 N.W.2d 78.  The absent finding at issue in this case is required by N.D.C.C. § 25-03.1-

18.1(1)(a)(1), which provides that one of the four factual findings necessary for an involuntary medication order is that “the patient is a person requiring treatment.”  Under N.D.C.C. § 25-03.1-02(12), a “person requiring treatment” is a “person who is mentally ill or chemically dependent, and there is a reasonable expectation that if the person is not treated there exists a serious risk of harm to that person, others, or property.”

[¶8] T.E. argues, and we agree, that the district court failed to make such a finding in its January 4, 2008, order for involuntary medication.  The order does not contain a finding that T.E. is “a person requiring treatment,” as required by N.D.C.C. § 25-03.1-18.1(1)(a)(1), nor is there a finding that T.E. is “mentally ill or chemically dependent, and there is a reasonable expectation that if the person is not treated there exists a serious risk of harm to that person, others, or property,” under N.D.C.C. § 25-03.1-02(12), which defines a “person requiring treatment.”  The district court’s order is devoid of any finding that would fall within the purview of the statutory requirement under N.D.C.C. § 25-03.1-18.1(1)(a)(1).  The district court’s failure to include any language indicating T.E. is a person requiring treatment violates an express and unambiguous requirement under N.D.C.C. § 25-03.1-18.1(1)(a).

[¶9] We note the August 22, 2007, one-year continuing commitment order was in effect at the time the January 4, 2008, involuntary medication order was issued, and the August 22, 2007, order contained a finding that T.E. was a person requiring treatment.  Section 25-03.1-18.1(3), N.D.C.C., provides that if the district court finds all four factors under N.D.C.C. § 25-03.1-18.1(1)(a) by clear and convincing evidence, the district court may “include in its involuntary treatment order a provision, 
or it may issue a separate order
 after notice and hearing, authorizing the treating psychiatrist to involuntarily treat the patient with prescribed medication . . . .”  N.D.C.C. § 25-03.1-18.1(3) (emphasis added).  This Court has explained we do not consider the district court’s findings in a vacuum, but read them in light of the entire record.  
Interest of R.N.
, 513 N.W.2d 370, 371-72 (N.D. 1994).

[¶10] While we do not ignore the entirety of the record and acknowledge that a prior, existing commitment hearing and order made the finding that T.E. is a person requiring treatment, there is no exception in chapter 25-03.1 that allows a district court to circumvent the four-finding requirement in N.D.C.C. § 25-03.1-18.1(1)(a), even if there is a prior, but existing, order for involuntary commitment.  Section 25-03.1-18.1(3), N.D.C.C., provides a separate hearing for forced medication is not necessary when a motion for an involuntary medication order is considered by the district court at the same time as an involuntary commitment for that patient.  However, this section does not relieve the district court of the statutory requirement to make all four factual findings in an involuntary medication order, whether the involuntary medication order is included as part of the larger commitment order or when a medication order is issued separately.  Although a district court may combine a hearing for involuntary commitment and for involuntary treatment with prescribed medication, the district court may only order treatment with prescribed medication if all four factors can be established.  N.D.C.C. §§ 25-03.1-18.1(1)(a) and 25-03.1-18.1(3).

[¶11] It may not be possible to immediately assess all four factors necessary to order prescribed medication, however, and separate hearings, like the ones held in this case, are common.  
See, e.g.
, 
Interest of B.L.S.
, 2006 ND 218, 723 N.W.2d 395 (separate hearings conducted for involuntary commitment and involuntary prescribed medication treatment); 
Interest of J.S.
, 528 N.W.2d 367 (N.D. 1995) (separate hearings conducted for multiple one-year commitment orders and 90-day involuntary prescribed medication orders).  When separate hearings are held, a finding in the prior hearing that a patient is a person requiring treatment does not satisfy the requirement under N.D.C.C. § 25-03.1-18.1(1)(a)(1) that the court determine the person is still in need of treatment for purposes of ordering forced medication.

[¶12] Our rules of statutory interpretation do not permit us to disregard the letter of the statute when the statutory language is clear and unambiguous.  
E.g.
, 
Interest of P.F.
, 2008 ND 37, ¶ 11, 744 N.W.2d 724 (citations omitted).  The language of N.D.C.C. § 25-03.1-18.1(1)(a) is clear, and the legislative intent can be discerned from the statute itself; the legislature intended that forced medication orders may only be issued after all four factors under N.D.C.C. § 25-03.1-18.1(1)(a) have been made by clear and convincing evidence.  N.D.C.C. § 25-03.1-18.1(3).  We find no exception in chapter 25-03.1 to the four-finding requirement under N.D.C.C. § 25-03.1-18.1(1)(a).  The statute unambiguously requires these findings, and any other interpretation would render the statutory language requiring that the district court find “the patient is a person requiring treatment” to be inoperative or superfluous, which is contrary to the manner in which this Court interprets statutes.  
E.g.
, 
Interest of P.F.
, at ¶ 11 (citations omitted) (explaining our rules of construction do not permit us to disregard the letter of the statute when the statutory language is clear and unambiguous).

[¶13] The statutory scheme recognizes involuntary treatment with medication is an extraordinary invasion of a patient’s liberty interests; we have explained forced medication infringes on a patient’s liberty interests to a greater degree than the involuntary commitment alone.  
See
 
Interest of T.E.
, 2007 ND 166, ¶ 9, 740 N.W.2d 100; 
Interest of D.A.
, 2005 ND 116, ¶ 15, 698 N.W.2d 474.  A patient in a treatment facility has the right “[t]o be free from unnecessary medication.”  N.D.C.C. § 25-03.1-40(10).  Section 25-03.1-18.1(2)(a), N.D.C.C., identifies specific additional relevant evidence to be considered to involuntarily medicate, and N.D.C.C. § 25-03.1-18.1(1)(b) provides additional procedural safeguards relating specifically to the medication to be used.  
Interest of B.L.S.
, 2006 ND 218, ¶¶ 22-23, 723 N.W.2d 395.  Although a district court may order an involuntary commitment to continue for a period of one year, a forced medication order may not exceed 90 days.  N.D.C.C. § 25-03.1-18.1(3).  The statutory distinctions between orders for involuntary commitment and involuntary medication demonstrate the legislative intent that medication orders be reassessed regularly and the related need for accurate factual findings regarding the patient at the time each order is issued.

[¶14] Moreover, common sense dictates a patient’s status may change, making the findings of the prior hearing or order for involuntary medication incorrect and inapplicable to subsequent hearings and orders.  This potential change in a patient’s status, coupled with the extraordinary invasion of liberty inherent in involuntary medication orders, demonstrates the logical need for a district court to make the required statutory findings when the district court conducts separate hearings to establish whether an involuntary medication order is appropriate.  Therefore, while we consider the entirety of the record before us, including the existing August 22, 2007, one-year continuing commitment order, the statute does not permit us to supplement the January 4, 2008, involuntary medication order with findings made more than four months earlier to support the one-year continuing commitment order.

[¶15] Given the potential for change in the status of the patient and the related need to protect against violations of the patient’s liberty interests, the 90-day limitation on forced medication orders indicates the legislative intent that periodic judicial assessments must be made of the necessity for continuing treatment.  
Interest of T.E.
, 2007 ND 166, ¶ 9, 740 N.W.2d 100.

[¶16] The district court did not make a finding that T.E. is a person requiring treatment in T.E.’s January 4, 2008, medication order.  Accordingly, we reverse the order of the district court.

[¶17] Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

VandeWalle, Chief Justice, dissenting.

[¶18] Because I do not believe N.D.C.C. § 25-03.1-18.1 requires that before ordering medication the court must again find that a patient is a person requiring treatment if there is another order in effect which makes that finding, I respectfully dissent.

[¶19] There is no doubt that before a person can be involuntarily treated with prescribed medication the person must be found to require treatment.  But there is no distinction between the standards needed to establish the necessity for treatment.  The statute does not recognize that a person may be in need of treatment when treatment with medication is not requested but may not be a person in need of treatment if involuntary medication is requested.  Nor do I believe the majority opinion draws such a distinction.  However without that distinction there is no reason to require the court to twice find that a person is in need of treatment.

[¶20] Rather, N.D.C.C. § 25-03.1-18.1(3) provides:

If the factors certified under subsection 1 have been demonstrated by clear and convincing evidence, the court may include in its involuntary treatment order a provision, 
or it may issue a separate order
 after notice and hearing, authorizing the treating psychiatrist to involuntarily treat the patient with prescribed medication on such terms and conditions as are appropriate.  The order for involuntary treatment with prescribed medication, however, may not be in effect for more than ninety days.

(Emphasis added.)

[¶21] Furthermore, the statutes specify the length of involuntary treatment orders.  
See
 N.D.C.C. §§ 25-03.1-22 (2) (continuing treatment order may be for a period not to exceed one year); 25-03.1-30(2) (patient must be discharged when patient is no longer a person requiring treatment); 25-03.1-31(2) (individual subject to continuing treatment order has right to petition the court for discharge once annually).  Absent the termination of a continuing treatment order because of lapse of time, discharge because the superintendent determines  a person no longer requires treatment or, on petition, the court determines the person no longer requires treatment, the individual remains a person requiring treatment within the meaning of N.D.C.C. § 25-03.1-18.1.

[¶22] In this case, a one-year continuing treatment order was issued on August 22, 2007, which found T.E. was a person requiring treatment.  A separate order issued on January 4, 2008, authorizing involuntary treatment with prescribed medication, made the necessary additional finding.  The January 4, 2008 order was issued while the August 22, 2007 order was still in effect.  The requirements were met.  I do not believe N.D.C.C. § 25-03.1-18.1(3) requires the court to make separate findings under N.D.C.C. § 25-03.1-18.1(1)(a) when issuing an order to treat with prescribed medication if those findings were previously made in a separate involuntary treatment order currently in effect.

[¶23] I would affirm the order of the district court.

[¶24] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom