# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 23

In the Interest of Jane Doe

----------

William Pryatel, M.D.,                                     Petitioner and Appellee

v.

Jane Doe,                                     Respondent and Appellant

No. 20180409

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Cherie L. Clark, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Leo A. Ryan, Special Assistant Attorney General, Jamestown, ND, for petitioner and appellee.

Andrew Marquart, Fargo, ND, for respondent and appellant.

**Interest of Jane Doe**

**No. 20180409**


**Crothers, Justice.**

[¶1]   Jane Doe appeals from a district court order continuing her treatment at the North Dakota State Hospital.  The district court found Jane Doe mentally ill, a person requiring treatment, and that no alternative treatment was appropriate.  We conclude under our standard of review that the finding Jane Doe is a mentally ill person requiring treatment is not clearly erroneous.  The district court's order is affirmed.


I

[¶2]   In July 2017 the North Dakota State Hospital petitioned for involuntary hospitalization of Jane Doe after police took her into custody for lying on the highway and refusing to cooperate with law enforcement and medical providers.  Jane Doe refused to provide identifying information or submit to photographs to aid in her identification.  After her initial admission to the State Hospital Jane Doe refused to meet with hospital staff, take medications or shower.  The district court initially ordered Jane Doe to undergo treatment for fourteen days, at the end of which the district court found Jane Doe a mentally ill patient requiring further treatment.  This Court summarily affirmed the district court's ninety-day treatment order.  *See Interest of Jane Doe*, 2017 ND 228, 902 N.W.2d 504.  After ninety days the State Hospital obtained an order continuing treatment for one year.  This Court summarily affirmed that decision in *Interest of Jane Doe*, 2017 ND 277, 904 N.W.2d 40.  On October 3, 2018, a psychologist at the State Hospital petitioned for continuing treatment, alleging Jane Doe continues to be a mentally ill person requiring treatment.  On October 22, 2018, the district court held a hearing and granted the State Hospital's petition, and ordered Jane Doe to undergo treatment at the State Hospital for a period not exceeding one year.

[¶3] Jane Doe refused to identify herself and will not allow staff to take photographs or perform dental work. Due to Jane Doe's unwillingness to provide information or participate in medical decisions, a guardian was appointed and given medical and residential control. The State Hospital administers medication to Jane Doe which enables her to control some schizophrenic and psychotic tendencies with lingering isolative behaviors and on-going paranoia. On appeal Jane Doe argues the State Hospital did not prove by clear and convincing evidence that she requires treatment, and even if she is a person requiring treatment, less restrictive treatment is appropriate.

II

[¶4] Jane Doe argues the district court's order was not supported by clear and convincing evidence showing she was a mentally ill person and a person requiring treatment. This Court's review of an appeal from a mental health hearing is well established:

> "Our review of an appeal under N.D.C.C. ch. 25-03.1 is limited to a review of the procedures, findings, and conclusions of the trial court. *Interest of D.A.*, 2005 ND 116, ¶ 11, 698 N.W.2d 474. We review the findings of the district court under the more probing clearly erroneous standard of review. *Id.* A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, although there is some evidence to support it, on the entire evidence this Court is left with a definite and firm conviction it is not supported by clear and convincing evidence. *Id.*"

*Interest of B.L.S.*, 2006 ND 218, ¶ 10, 723 N.W.2d 395 (internal quotation marks omitted).

[¶5] The petitioner must overcome the presumption that a respondent does not require treatment with clear and convincing evidence. *In the Interest of J.A.D.*, 492 N.W.2d 82, 85 (N.D.1992). Section 25-03.1-02(13), N.D.C.C., defines "[p]erson requiring treatment" as "a person who is mentally ill or a person who is chemically dependent, and there is a reasonable expectation that if the individual is not treated for the mental illness or chemical dependency there exists a serious risk of harm to

that individual, others, or property." "Serious risk of harm" means a substantial likelihood of:

"a. Suicide, as manifested by suicidal threats, attempts, or significant depression relevant to suicidal potential;

b. Killing or inflicting serious bodily harm on another individual or inflicting significant property damage, as manifested by acts or threats;

c. Substantial deterioration in physical health or substantial injury, disease, or death based upon recent poor self-control or judgment in providing one's shelter, nutrition, or personal care; or

d. Substantial deterioration in mental health which would predictably result in dangerousness to that individual, others, or property, based upon evidence of objective facts to establish the loss of cognitive or volitional control over the individual's thoughts or actions or based upon acts, threats, or patterns in the individual's treatment history, current condition, and other relevant factors, including the effect of the individual's mental condition on the individual's ability to consent."

N.D.C.C. § 25-03.1-02(20).

[¶6]    The determination that an individual is a "person requiring treatment" is a two-step process. *J.A.D.*, at 83. First, "the court must find that the individual is mentally ill," and second, "the court must find that there is a reasonable expectation that if the person is not hospitalized there exists a serious risk of harm to himself, others, or property." *Id.*

[¶7]    Here, the district court found Jane Doe is mentally ill. Section 25-03.1-02(12), N.D.C.C., defines "[m]entally ill person" as "an individual with an organic, mental, or emotional disorder that substantially impairs the capacity to use self-control, judgment, and discretion in the conduct of personal affairs and social relations." The State Hospital psychologist testified Jane Doe is a mentally ill person with schizophrenia and other psychotic spectrum disorders. The State Hospital psychologist diagnosed Jane Doe after examination, observations, and review of Jane Doe's records referencing Jane Doe's on-going paranoia and lack of insight during the last year. Jane Doe did not call any witnesses to dispute the psychologist's diagnosis, and sufficient evidence supports the finding.

3

[¶8] The second step of the involuntary commitment procedure requires a finding that without hospitalization there exists a "[s]erious risk of harm" to self, others or property through a substantial likelihood of the existence of at least one of four factors. *See* N.D.C.C. § 25-03.1-02(20). Subsections (c) and (d) are the factors upon which the district court decided to involuntarily commit Jane Doe.

[¶9] Under section 25-03.1-02(20)(c), N.D.C.C., a serious risk of harm exists when there is a likelihood of "[s]ubstantial deterioration in physical health, or substantial injury, disease, or death based upon recent poor self-control or judgment in providing one's shelter, nutrition, or personal care." Under section 25-03.1-02(20)(d), N.D.C.C., a serious risk of harm exists when there is a likelihood of "[s]ubstantial deterioration in mental health which would predictably result in dangerousness to that individual, others, or property, based upon evidence of objective facts to establish the loss of cognitive or volitional control over the individual's thoughts or actions or based upon acts, threats, or patterns in the individual's treatment history, current condition, and other relevant factors[.]"

[¶10] The district court found Jane Doe lacked insight regarding her mental illness and exercised poor judgment in personal decisions. Jane Doe suffers from a disorder which substantially impairs her self-control, judgment and discretion in the conduct of personal affairs and social relations. Jane Doe was diagnosed with unspecified schizophrenia, and other psychotic disorders and has demonstrated limited improvement in her willingness to engage with providers. The State Hospital psychologist testified Jane Doe would not perform well in unsupervised daily living situations because she refuses to acknowledge she needs mental health care and any gains she made in personal decision-making during the past year are attributable to her medication. The psychologist testified that without the supervised medication Jane Doe is likely to regress to a similar state in which she was initially found, putting herself at risk of injury or death. Jane Doe suffers from ongoing paranoia and isolative behavior as symptoms of her mental illness, which affects her insight and judgment. Jane Doe has expressed a desire to leave the State Hospital, however,

4

when medical providers inform her that basic information is needed to create a discharge plan, she becomes isolative or vulgar. The testifying psychologist labeled this behavior as a lack of insight on Jane Doe's part and poor judgment towards remedying her situation. The finding that Jane Doe presents a serious risk of harm to herself is not clearly erroneous.

## III

[¶11] Jane Doe argues even if she is a person requiring treatment, less restrictive treatment is appropriate. The district court found alternative treatment is not adequate to meet Jane Doe's treatment needs or prevent harm to herself or others.

[¶12] An individual requiring treatment has the right to the least restrictive conditions necessary to achieve the purposes of the treatment. N.D.C.C. § 25-03.1-40(2). The court must make a two-part inquiry. First, whether a treatment program other than hospitalization is adequate to meet the individual's treatment needs; and second, whether an alternative treatment program is sufficient to prevent harm or injuries which the individual may inflict upon himself or others. *In re J.K.*, 1999 ND 182, ¶ 15, 599 N.W.2d 337.

[¶13] The State Hospital psychologist testified alternative treatment is not appropriate and formulating a discharge plan is impossible because Jane Doe refuses to provide identification information or engage in her treatment. The State Hospital psychologist testified to only one alternative treatment facility capable of handling an unidentified patient like Jane Doe. However, even if approved for the alternative treatment facility, the psychologist testified Jane Doe would stay at the bottom of the waiting list because the facility prioritizes placement of women and children without shelter. While this treatment program may be adequate in theory to meet Jane Doe's needs, the State Hospital psychologist testified Jane Doe would not gain placement while perceived as having a safe area and safe placement at the State Hospital. The fact that Jane Doe is unlikely to gain placement while treated at the State Hospital means the program is not available to meet Jane Doe's treatment needs. The district

court found that alternative treatment would not presently be adequate to meet Jane Doe's needs for treatment or to prevent harm to herself or others, and we conclude the finding is not clearly erroneous.

IV

[¶14]  The district court's findings are supported by clear and convincing evidence and are not clearly erroneous.  The district court did not err finding Jane Doe is a mentally ill person requiring treatment and alternative treatment is not appropriate. We affirm the district court order continuing treatment.

[¶15]  Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen
Jerod E. Tufte
Gerald W. VandeWalle, C.J.